Kenneth Lamar KEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–04–00030–CR.

Court of Appeals of Texas,
Tyler.

Feb. 28, 2005.

Discretionary Review Refused
June 29, 2005.

Donald F. Killingsworth, Tyler, for appellant.

Michael J. West, for state.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

DIANE DeVASTO, Justice.

Kenneth Lamar Key appeals his conviction for class A misdemeanor assault. After a jury found him guilty, the trial court sentenced him to one year in jail, probated for two years, and a $1,500.00 fine. In two issues, Appellant contends his constitutional right to confrontation of witnesses was violated. We affirm.

### BACKGROUND

When Tyler Police Officer Kevin Mobley answered a disturbance call one night, he found Appellant and Rachel Bailey sitting outside on the ground, arguing. Bailey told Officer Mobley that she had been restrained by Appellant since seven o'clock that morning. She had just run from the house and Appellant had grabbed her and pulled her to the ground, causing several injuries. She had bruises on her arms, consistent with fingers grabbing and pressure being applied to the arms with a hand. She had several injuries about her body, arms, and legs. Bailey indicated that she feared Appellant. Appellant was arrested and charged with assaulting Bailey.

Officer Mobley and Officer Chris Calloway, who assisted that night, testified at the trial. Bailey did not testify. The jury found Appellant guilty and the trial court sentenced him to one year in jail, probated for two years, and a $1,500.00 fine.

### FEDERAL RIGHT TO CONFRONTATION OF WITNESSES

In his first issue, Appellant contends the trial court erred in allowing Officer Mobley to testify regarding Bailey's statements to him at the scene. He argues that, although the testimony may be admissible under an exception to the hearsay rule, it nonetheless violated his right to confront the witnesses against him, which is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

### Standard of Review

We will not disturb a trial court's decision to admit or exclude evidence absent an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 390–91 (Tex.Crim. App.1991) (op. on reh'g). If the court's ruling is within the zone of reasonable disagreement, we will not disturb it on appeal. *Metts v. State*, 22 S.W.3d 544, 550 (Tex.App.-Fort Worth 2000, pet. ref'd). If we can uphold the trial court's decision on any theory applicable to the case, we will do so. *Id.* In considering this constitutional issue, we review the trial court's ruling de novo. *Muttoni v. State*, 25 S.W.3d 300, 304 (Tex.App.-Austin 2000, no pet.).

### Applicable Law

The accused in a criminal case has a constitutional right to confront and cross-examine the witnesses against him. U.S. CONST. amends. VI, XIV. Since 1980, the admission of an unavailable witness's statement against a criminal defendant was governed by *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Under *Roberts*, hearsay was admissible when it fell within a firmly rooted hearsay exception or when it contained particularized guarantees of trustworthiness. *Id.*, 448 U.S. at 66, 100 S.Ct. at 2539. The admission of hearsay evidence against a criminal defendant implicates the Confrontation Clause because the defendant is not afforded the opportunity to confront the out-of-court declarant. U.S. CONST. amend. VI.

In March 2004, the United States Supreme Court reexamined the admissibility of out-of-court hearsay statements in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *Crawford*, the Supreme Court specified that "testimonial" hearsay evidence is inadmissible under the Confrontation Clause unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Id.*, 124 S.Ct. at 1374.

■ The Court reviewed the history of the Confrontation Clause, explaining that its focus was to prevent the use of ex parte examinations as evidence against the accused. *Id.*, 124 S.Ct. at 1364. It explained that the clause applies to those who "bear testimony" and stated that "testimony" is typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id.* (quoting 1 N. Webster, An American Dictionary of the English Language (1828)). The Court declined to spell out a comprehensive definition of "testimonial." *Id.*, 124 S.Ct. at 1374. It did, however, identify three kinds of statements that could be properly regarded as testimonial: (1) "*ex parte* in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially," (2) "extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions," and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id.*, 124 S.Ct. at 1364. Statements taken by police officers in the course of interrogations are also testimonial. *Id.*

Courts across the nation have been faced with the painstaking task of applying *Crawford* on a case by case basis to refine the definition of "testimonial," identify the admissible statements, and jettison the inadmissible. Here, Appellant contends that Bailey's statements were testimonial hearsay and therefore inadmissible after *Crawford.* This factual scenario appears to present an issue of first impression in Texas.

### Discussion

■ Our first task is to determine if Bailey's statements to Officer Mobley were testimonial as that term is used in *Crawford.* The types of statements cited by the *Crawford* court as testimonial all involve a declarant's knowing responses to structured questioning in an investigative environment or a courtroom setting where the declarant would reasonably expect that his or her responses might be used in future judicial proceedings. *See Crawford*, 124 S.Ct. at 1365. One court takes the position that the common denominator underlying the Supreme Court's discussion of what constitutes a "testimonial" statement is the official and formal quality of such a statement. *Fowler v. State*, 809 N.E.2d 960, 963 (Ind.Ct.App.2004), *transfer granted*, 2004 Ind. LEXIS 1030 (Ind., Dec. 9, 2004). Clearly, Bailey's statements do not fall within the first or second categories outlined in *Crawford* as they were not "in-court testimony or its functional equivalent" or statements "contained in formalized testimonial materials."

What constitutes interrogation by police officers is a separate question. One court extrapolated the rationale in *Crawford* to a setting involving statements obtained through police officer questioning at or near the scene of a crime, explaining that such statements are testimonial under

*Crawford* if obtained by an officer acting in an investigative capacity to produce evidence in anticipation of a potential criminal prosecution. *People v. Kilday,* 123 Cal. App.4th 406, 418, 20 Cal.Rptr.3d 161 (Cal. Ct.App.2004), *review granted,* 23 Cal. Rptr.3d 693, 105 P.3d 114 (Cal.2005). Such questioning raises Confrontation Clause concerns more than questioning incidental to other law enforcement objectives such as exigent safety, security, and medical concerns. *Id.* at 419, 20 Cal. Rptr.3d 161.

Most of the post-*Crawford* cases reviewing this issue have held that initial police-victim interaction at the scene of an incident is not an interrogation and that admission of testimony about that interaction does not offend the Confrontation Clause. *See, e.g., Kilday,* 123 Cal.App.4th at 421, 20 Cal.Rptr.3d 161 (Officers responding to a call from a hotel manager encountered victim in lobby when area was unsecured and the situation uncertain.); *People v. Corella,* 122 Cal.App.4th 461, 469, 18 Cal. Rptr.3d 770 (Cal.Ct.App.2004) (Victim's statement to officer dispatched to scene that husband hit her deemed nontestimonial.); *People v. King,* No. 02CA0201, 2005 WL 170727, at *6, 121 P.3d 234, —— (Colo.Ct.App. Jan. 27, 2005) (Held that where a victim makes an excited utterance to a police officer, in a noncustodial setting and without indicia of formality, the statement is nontestimonial.); *Stancil v. United States,* 866 A.2d 799, 815 (D.C.2005) (Statements made by victim to police before scene was secured are not testimonial and do not offend the Confrontation Clause.); *Fowler,* 809 N.E.2d at 964 (Statements by victim of domestic violence, made to officer dispatched to scene, deemed nontestimonial.); *Hammon v. State,* 809 N.E.2d 945, 952 (Ind.Ct.App.2004), *transfer granted,* 2004 Ind. LEXIS 1031 (Ind., Dec. 9, 2004) (Victim's statements to officer at her residence shortly after the incident occurred were not testimonial.); *People v. Mackey,* 5 Misc.3d 709, 785 N.Y.S.2d 870, 874 (N.Y.City Crim.Ct.2004) (Where witness approached officer and made statements that were not in response to structured police questioning, not in a formal setting or a formalized document, and primary purpose of the statements was to seek protection, statements were deemed nontestimonial.); *State v. Forrest,* 164 N.C.App. 272, 596 S.E.2d 22, 27 (2004) (Statements made by victim of kidnaping and assault immediately after officers removed her from defendant's grasp, describing what happened to her, deemed nontestimonial and considered part of the criminal incident itself.); *State v. Maclin,* No. W2003–03123–CCA–R3–CD, 2005 WL 313977, at *17 (Tenn.Crim.App. Feb. 9, 2005) (Where assault victim summoned police to her home and talked to police about the assault in the presence of the defendant, while still fearing for her safety, her statements were not testimonial.); *Davis v. State,* No. 2–03–305–CR, 2005 WL 183141, at *4 (Tex.App.-Fort Worth Jan. 27, 2005, no pet. h.) (Statements by witness to officer at crime scene deemed nontestimonial.); *Gonzalez v. State,* 155 S.W.3d 603, 609–10 n. 4 (Tex.App.-San Antonio 2004, pet. filed) (In dicta, court stated that it is unlikely that statements made to responding officers by the shooting victim providing identifying information about the shooter would be considered testimonial.); *Rivera v. State,* No. 04–03–00830–CR, 2004 WL 3015165, at *1 n. 1 (Tex.App.-San Antonio Dec. 30, 2004, no pet. h.) (not designated for publication) (In dicta, court stated that witness's statements to police within minutes of shooting were nontestimonial in nature.).

After receiving a call about a disturbance, Mobley walked in the area to determine where the noise came from. He heard screaming that he described as an

"unusual" "large emotional" disturbance. He found Bailey and Appellant sitting on the ground. Based on his observations of Bailey, he believed she was in danger. He tried to separate them and "make sure everything was okay." At that point, Bailey advised him that Appellant grabbed her and pulled her to the ground, injuring her. Officer Mobley did not explain whether Bailey's statements were spontaneous or in response to questions. Based on the circumstances, we conclude that Mobley was not producing evidence in anticipation of a potential criminal prosecution when he encountered Bailey. Mobley was responding to a call and was involved in the preliminary task of securing and assessing the scene. *See Kilday,* 123 Cal. App.4th at 422, 20 Cal.Rptr.3d 161. Such unstructured interaction between an officer and a witness bears no resemblance to a formal or informal police "interrogation" as that term is used in *Crawford. See Crawford,* 124 S.Ct. at 1364; *Corella,* 122 Cal.App.4th at 469, 18 Cal.Rptr.3d 770.

■ Whether Bailey's statements were made with the reasonable expectation that they would be used in court is yet another question. Appellant conceded in his brief that the State proved the predicate for admission of Bailey's statements as an excited utterance under Rule of Evidence 803. As other courts have noted, the underlying rationale of an excited utterance seems to be at odds with the *Crawford* Court's conception of "testimony." *See Corella,* 122 Cal.App.4th at 469, 18 Cal. Rptr.3d 770; *King,* 2005 WL 170727, at *4, 121 P.3d at 234; *Hammon,* 809 N.E.2d at 952–53; *Fowler,* 809 N.E.2d at 964; *People v. Moscat,* 3 Misc.3d 739, 777 N.Y.S.2d 875, 880 (N.Y.City Crim.Ct.2004) (Finding a 911 call by the complainant in a domestic assault not testimonial, the court stated that the call "is the electronically augmented equivalent of a loud cry for help.");

*Commonwealth v. Gray,* 867 A.2d 560, 577 (Pa.Super.Ct.2005) (An unsolicited excited utterance to police that is made to obtain assistance during the commission of a crime is not in response to interrogation and is nontestimonial.).

On the other hand, at least one court has determined that not all excited utterances are nontestimonial. The District of Columbia Court of Appeals would make that determination based on the circumstances in which the particular statement was made. *Stancil,* 866 A.2d at 809. Further, the First District Court of Appeal of Florida has rejected altogether the argument that an excited utterance can be nontestimonial. It has held that a victim of an assault and kidnaping, although startled and nervous, made testimonial statements to officers at the scene immediately after the crime had been committed. *Lopez v. State,* 888 So.2d 693, 700 (Fla.Dist.Ct.App. 2004). It reasoned that the victim knew his statement identifying his kidnapper was a form of accusation and surely must have expected that it would be used in court against the suspect. *Id.*

After considering these views, we are persuaded that the underlying rationale of an excited utterance supports a determination that it is not testimonial in nature. Such a declaration from one who has recently endured physical abuse, and with no time for reflection or deliberation, is likely to be truthful. It is consistent with the definition of an excited utterance to conclude that it is not a statement that has been made in contemplation of its use in a future trial. Bailey was very distraught, upset, crying, and fearful. Mobley believed she was in danger. Further, Bailey was not the one who called the police and she did not initiate contact with Officer Mobley.

■ We determine that Bailey's statements do not fit within the categories of

testimonial statements identified in *Crawford*. The Court in *Crawford* made no explicit statement regarding nontestimonial statements but did suggest that either such statements required no Confrontation Clause scrutiny or that prior standards developed under *Roberts* still applied to nontestimonial hearsay evidence. *Crawford*, 124 S.Ct. at 1374. *Roberts* states that an unavailable witness's out-of-court statement may be admitted if it falls within a firmly rooted hearsay exception or bears particularized guarantees of trustworthiness. *Roberts*, 448 U.S. at 66, 100 S.Ct. at 2539. Appellant does not attack the trial court's finding that the statements fall within a firmly rooted hearsay exception and are therefore admissible under the rules of evidence. The statements were admissible under *Roberts*. *See id.* We conclude that admission of Bailey's statements did not violate Appellant's rights under the Sixth Amendment. *See Crawford*, 124 S.Ct. at 1374. We overrule Appellant's first issue.

### STATE RIGHT TO CONFRONTATION OF WITNESSES

█ In his second issue, Appellant asserts that the trial court erred in permitting Officer Mobley to testify regarding statements made by Bailey in violation of his right to confrontation as provided in Article I, Section 10 of the Texas Constitution. He states that the hearsay testimony is inadmissible because it denied him the right of confrontation and cross-examination and it did not have the requisite indicia of reliability.

█ Appellant relies on cases that interpreted the Sixth Amendment and cannot be considered authority for the proposition that his state constitutional rights have been violated. Although this issue is briefed separately from Appellant's complaint under the federal constitution, Appellant has not articulated how the state constitution provides greater or different protection than the federal constitution. *See Lagrone v. State*, 942 S.W.2d 602, 613 (Tex.Crim.App.1997) (Court held that appellant had failed to point out any meaningful distinctions between the confrontation clauses in the federal and Texas constitutions that merit extension of broader confrontational capacity under Article I, Section 10 of the Texas Constitution.). Appellant has not identified any distinction between the analysis we are to apply under the federal Confrontation Clause and the analysis we apply under the Texas Constitution. *See Hale v. State*, 139 S.W.3d 418, 421 (Tex.App.-Fort Worth 2004, no pet.). Further, we note that Texas case law generally interprets the federal and Texas Confrontation Clauses similarly. *See Long v. State*, 742 S.W.2d 302, 313 (Tex.Crim.App.1987), *overruled on other grounds, Briggs v. State*, 789 S.W.2d 918 (Tex.Crim.App. 1990); Jonathan S. Miller, Note, *Does the Child Witness Videotape Statute Violate the Confrontation Clause?: Article 38.071, Texas Code of Criminal Procedure*, 17 TEX. TECH L.REV. 1669, 1681 (1986). We overrule Appellant's second issue.

### CONCLUSION

The hearsay statements testified to by the police officer were not testimonial and, therefore, their admission did not violate Appellant's right to confrontation of witnesses.

We ***affirm*** the trial court's judgment.