**Jett J. MASON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–04–00451–CR.

Court of Appeals of Texas,
Dallas.

June 30, 2005.

Scala D. Byers, Garland, for appellant.

William T. (Bill) Hill, Jr., Johanna H. Kubalak, Asst. Dist. Atty., Dallas, for state.

Before Justices MOSELEY, FRANCIS, and LAGARDE.[1]

## OPINION

Opinion By Justice LAGARDE.

A jury convicted Jett J. Mason, Jr. of misdemeanor assault and assessed his punishment at confinement in the Dallas County jail for one day. *See* TEX. PEN. CODE ANN. § 22.01(a)(1), (b) (Vernon Supp. 2004–05). Following the jury's recommendation, the trial court suspended imposition of the sentence and placed appellant on community supervision for six months.[2] The issue we must decide in this appeal is whether the non-testifying complainant's out-of-court statements to the police officer who responded to her 911 call were testimonial in nature. We hold they were testimonial. We further hold that the trial court erred in admitting the statements in violation of the Confrontation Clause, as recently interpreted in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and that appellant was harmed by their admission. Accordingly, we reverse the trial court's judgment and remand for further proceedings.

### *Facts & Procedural Background*

Donald Blasingame, a patrol sergeant with the Seagoville Police Department, and the State's only witness at trial, testified that on July 6, 2002, he responded to a 911 disturbance call at a Seagoville residence. When Blasingame arrived, the complainant, who was upset, crying, and angry, answered the door. In response to Blasingame's question about why she called the police, the complainant said that she and her boyfriend, later identified as appellant, had been sleeping when his cellular telephone rang. When the complainant woke appellant up to answer the telephone, he slapped her on the face, shoved her off the bed, put his hand on her throat, and told her he was going to kill her. Blasingame observed red marks and swelling around the complainant's mouth and nose, which were consistent with her statements.

Blasingame also spoke to appellant. Appellant told Blasingame that he accidentally hit the complainant when he reached over to get the telephone. Disbelieving appellant's version, Blasingame arrested appellant based on the complainant's oral

---

1. The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

2. Appellant's community supervision expired on September 11, 2004, absent the filing of a motion to revoke.

statements and his observations at the scene.

The complainant did not appear at trial.[3] The State sought to prove its case through Blasingame's hearsay testimony of the complainant's oral statements made to him at the scene.[4] Appellant objected to the out-of-court statements on both hearsay and Confrontation Clause grounds.[5] Following a pretrial hearing outside the jury's presence, the trial court ruled the complainant's out-of-court oral statements to Blasingame were admissible.

### Arguments on Appeal

On appeal, appellant asserts only that the admission of the complainant's out-of-court statements violated the Confrontation Clause of the Sixth Amendment. Appellant does not challenge the trial court's ruling on hearsay grounds. Relying on *Crawford*, appellant argues that the complainant's statements were testimonial because they were made in response to "interrogation." Appellant further asserts that the statements were inadmissible because the State did not show the complainant was unavailable or that appellant had a prior opportunity to cross-examine her. Appellant contends that by its use in *Crawford* of the term "interrogation" in its colloquial sense, the Supreme Court sought to broaden the term "interrogation" to ensure the protections of the Sixth Amendment were not circumvented or limited unnecessarily. Thus, appellant argues, in determining whether there was

"interrogation," the focus should be on why the questions were asked, and whether the answers "bear testimony," not on where or how the questioning occurred. *See Crawford*, 541 U.S. at 51, 124 S.Ct. 1354 (Confrontation Clause applies to "witnesses" against the accused, in other words, those who "bear testimony"). Appellant contends that if a question is asked to gain information from a witness pursuant to an investigation of a criminal offense, interrogation has taken place.

Alternatively, appellant contends that even if the complainant's out-of-court statements were not obtained through interrogation, they are still testimonial because she "reasonably had to expect these statements would be used in a subsequent prosecution against [appellant]." *See Crawford*, 541 U.S. at 52, 124 S.Ct. 1354 (quoting Brief for National Association of Criminal Defense Lawyers, et al. as *Amici Curiae* 3, which argued that included within the class of "testimonial" statements are "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial").

The State responds that the complainant's out-of-court statements were not testimonial because they were made "in the initial phase of the investigation when the officer was trying to figure out what happened," they were not the product of a police interrogation, and they were not made under "circumstances conducive to

---

3. The record reflects appellant and the complainant were still together at the time of trial.

4. The complainant also gave a written statement. The written statement, however, was neither offered nor admitted into evidence for any purpose, nor does it otherwise appear in the record before us.

5. The State argued in the trial court that the complainant's statements were admissible un-

der the excited-utterance exception to the hearsay rule, *see* Tex.R. Evid. 802, 803(2), and as either a statement by a party-opponent or under the hearsay exception for statements against interest. *See* Tex.R. Evid. 801(e)(2), 803(24); *see also* Tex.R. Evid. 805. The State also contended at trial, and on appeal, that the statements were non-testimonial.

contemplation of future legal proceedings" that would render them testimonial. The State first notes appellant does not contest the trial court's determination that the complainant's statements qualified as excited utterances. The State recites the definition of an excited utterance under Texas law, *i.e.*, "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Tex.R. Evid. 803(2). The State then calls our attention to language in *Crawford* that statements made out of impulse are not usually accompanied by an awareness on the part of the declarant that she is "bear[ing] testimony" against another. *See Crawford*, 541 U.S. at 51, 124 S.Ct. 1354. The State argues that because the complainant in this case was "extremely upset and visibly injured" when she made the statements, it is not reasonable to expect that she contemplated her out-of-court statements would be used at a later trial. Rather, the State asserts, it is more reasonable to presume the complainant was concerned only with her immediate safety. The State concludes the complainant's out-of-court statements describing the assault were not "testimonial" in nature, were admissible under the excited-utterance exception to the hearsay rule, and, thus, their admission did not violate the Confrontation Clause.

To the extent the State argues that the test for determining whether the witness is "bearing testimony" is a subjective, not an objective, one, and that, by definition, an "excited utterance" is not testimonial, we disagree.

### Pre- and Post–Crawford Law

Before *Crawford*, hearsay statements were admissible for purposes of the Confrontation Clause if they possessed adequate "indicia of reliability." *Ohio v. Rob-*

*erts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), *abrogated by Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *Crawford*, however, the Supreme Court abrogated the *Roberts* "indicia of reliability" test, holding that without regard to their reliability, testimonial out-of-court statements by a witness are barred by the Confrontation Clause unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness. *See Crawford*, 541 U.S. at 68, 124 S.Ct. 1354. The Supreme Court held that "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Id.* at 68–69, 124 S.Ct. 1354.

### Testimonial or Non-testimonial

Leaving for another day any effort to spell out a comprehensive definition of "testimonial," the Supreme Court acknowledged that its refusal to articulate a comprehensive definition would cause interim uncertainty. *Id.* at 68 & n. 10, 124 S.Ct. 1354. Indeed, the Court was correct. Some guidance, however, can be found within the *Crawford* opinion. The term "testimonial" "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Id.* at 68, 124 S.Ct. 1354. The Court used the term "interrogation" in its colloquial, rather than any technical, legal sense. *See id.* at 53 n. 4, 124 S.Ct. 1354 (comparing *Crawford* facts to *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)). "Testimony" is typically " '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.' " *Id.* at 51, 124 S.Ct. 1354 (citing 1 N. Webster, An American Dictionary of the English Language (1828)).

Included within the class of "testimonial" statements are "statements that were made under circumstances which would lead an *objective* witness reasonably to believe that the statement would be available for use at a later trial." *Id.* (emphasis added).

In *Crawford's* wake, various courts, both in and out of Texas, have expressed opinions about what constitutes a "testimonial" statement. In *Lee v. State,* 143 S.W.3d 565, 570–71 (Tex.App.-Dallas 2004, pet. ref'd), this Court held that a non-testifying codefendant's out-of-court statement to a police officer was testimonial. The statements in *Lee* were made during a traffic stop, in response to police questioning, regarding the offense for which the defendant had already been arrested, and were recorded on the patrol car's audio-video equipment. *Id.* at 570. This Court concluded that "the formality of the setting . . . was intended to record testimony for the prosecution of the case being investigated." *Id.*

The State cites several Texas cases that have emphasized the formality of the circumstances surrounding the police questioning as indicating the declarant's expectation that the statements would be used in a criminal prosecution. *See, e.g., Brooks v. State,* 132 S.W.3d 702, 707 (Tex.App.-Dallas 2004, pet. ref'd) (holding non-testifying codefendant's written custodial statement made during investigation of charged crime was testimonial); *Gutierrez v. State,* 150 S.W.3d 827, 830 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (op. on remand) (holding accomplice's videotaped statement to police after defendant's arrest was testi-

monial); *Samarron v. State,* 150 S.W.3d 701, 707 (Tex.App.-San Antonio 2004, pet. ref'd) (holding witness's formal, signed, written statement to police was testimonial). In contrast, the State asserts that the record in this case does not support appellant's contention that Blasingame's inquiry into the reason he had been summoned amounted to an "interrogation" in contemplation of a potential criminal prosecution. The State argues that Blasingame's question was simply intended to assess the situation. In support of its position, the State cites *Wilson v. State,* 151 S.W.3d 694, 698 (Tex.App.-Fort Worth 2004, no pet.) (holding there was no interrogation when witness initiated contact with police and police were questioning witness to determine why she was upset and not to elicit information about known criminal activity); and *Gonzalez v. State,* 155 S.W.3d 603, 609 n. 4 (Tex.App.-San Antonio 2004, pet. stricken) (expressing doubt that investigatory questioning immediately after crime has been committed rises to the level of "interrogation"); *see also Key v. State,* No. 12–04–00030–CR, 2005 WL 467167, 173 S.W.3d 72 (Tex.App.-Tyler Feb. 28, 2005, pet. filed) (holding statements made by complainant to police officer responding to disturbance call not testimonial).[6] *Key* is distinguishable. In *Key,* the complainant neither called the police nor initiated contact with the police. *Key,* No. 12–04–00030–CR at *5, 173 S.W.3d at 73.[7] At trial, the testifying officer did not explain whether the complainant's statements were spontaneous or in response to questions.

---

**6.** The briefs in this case were filed before the *Key* opinion issued, so neither party cited the *Key* case.

**7.** The opinion states only that when the testifying officer answered a disturbance call one night, he walked in the area to determine

where the noise came from, heard screaming that he described as an "unusual" "large emotional" disturbance, and found appellant and the complainant sitting outside on the ground, arguing.

The State also cites cases from several other states and two federal circuit courts that have held, under *Crawford*, inquiries by police officers responding to a 911 or other call about the purpose of the call are not testimonial. *See, e.g., Mungo v. Duncan*, 393 F.3d 327, 336 n. 9 (2d Cir.2004), *cert. denied sub nom. Mungo v. Greene*, —— U.S. ——, 125 S.Ct. 1936, 161 L.Ed.2d 778 (2005); *Leavitt v. Arave*, 383 F.3d 809, 830 n. 22 (9th Cir.2004), *cert. denied*, —— U.S. ——, 125 S.Ct. 2540, 162 L.Ed.2d 277 (2005); *People v. Kilday*, 20 Cal.Rptr.3d 161 (Ct.App.2004), *review granted*, —— Cal.4th ——, 23 Cal.Rptr.3d 693, 105 P.3d 114 (2005); *People v. Corella*, 122 Cal. App.4th 461, 18 Cal.Rptr.3d 770 (2004); *People v. West*, 355 Ill.App.3d 28, 291 Ill. Dec. 72, 823 N.E.2d 82 (2005, appeal pending); *Rogers v. State*, 814 N.E.2d 695 (Ind. Ct.App.2004); *Fowler v. State*, 809 N.E.2d 960, 964–65 (Ind.Ct.App.2004), *vacated*, 829 N.E.2d 459 (Ind.2005); *Hammon v. State*, 809 N.E.2d 945, 952 (Ind.Ct.App.2004), *vacated*, 829 N.E.2d 444 (Ind.2005); *State v. Barnes*, 854 A.2d 208 (Me.2004); *People v. Bryant*, No. 247039, 2004 WL 1882661 (Mich.Ct.App. Aug. 24, 2004) (not designated for publication); *State v. Wright*, 686 N.W.2d 295, 305 (Minn.Ct.App.2004, review granted); *People v. Mackey*, 5 Misc.3d 709, 785 N.Y.S.2d 870 (N.Y.City Crim.Ct.2004).

The State also acknowledges that courts in other jurisdictions have held to the contrary. *See Lopez v. State*, 888 So.2d 693 (Fla.Dist.Ct.App.2004); *Pitts v. State*, 272 Ga.App. 182, 612 S.E.2d 1 (2005); *People v. Victors*, 353 Ill.App.3d 801, 289 Ill.Dec. 154, 819 N.E.2d 311 (2004, appeal denied). These courts seem to focus on whether the statements in question were made under circumstances indicating the complainant knew he or she was making a police complaint and that what was said could be used against the defendant.

We understand the State's position to be that, by definition, an excited utterance is not made under circumstances conducive to subjective contemplation of future legal proceedings. We cannot agree. Moreover, even if we were to assume the State is correct in such premise, we nevertheless conclude, based on *Crawford* itself, that subjective contemplation is irrelevant to an analysis of whether such out-of-court statements would be testimonial or non-testimonial. First, the test set out in *Crawford* is objective, not subjective. Second, even if the test were subjective, the declarant's perception could be determined only through cross-examination. *Crawford* identifies as testimonial "statements that were made under circumstances which would lead an *objective* witness reasonably to believe that the statement would be available for use at a later trial." *Crawford*, 541 U.S. at 52, 124 S.Ct. 1354 (emphasis added). And, in criticizing the application of the *Roberts* reliability test, the Court stated,

> [t]he Framers would be astounded to learn that *ex parte* testimony could be admitted against a criminal defendant because it was elicited by "neutral" government officers. But even if the court's assessment of the officer's motives was accurate, it says nothing about Sylvia's perception of her situation. Only cross-examination could reveal that.

*Id.* at 66, 124 S.Ct. 1354. Thus, even if the test were subjective, under *Crawford*, only cross-examination could reveal the complainant's subjective perception of her situation. *See id.*

### *Definitions of "Interrogation" Not Interchangeable under Fifth and Sixth Amendments*

In *Rhode Island v. Innis*, the Supreme Court addressed for the first time the

meaning of "interrogation" under *Miranda v. Arizona.*[8] *See Innis,* 446 U.S. at 291, 100 S.Ct. 1682. The *Innis* Court was concerned with the Fifth Amendment privilege against compulsory self-incrimination when it held that other techniques of persuasion beyond express questioning could constitute "interrogation." *See id.* at 300–01, 100 S.Ct. 1682. However, the Supreme Court excluded from the definition of "interrogation" any words or actions on the part of the police that were normally attendant to arrest and custody. *See id.* at 300, 100 S.Ct. 1682. In *Innis,* however, it is clear the Supreme Court was not considering "interrogation" within the meaning of the Sixth Amendment as reflected by the following language: "The definitions of 'interrogation' under the Fifth and Sixth Amendments, *if indeed the term 'interrogation' is even apt in the Sixth Amendment context,* are not necessarily interchangeable, since the policies underlying the two constitutional protections are quite distinct." *Id.* n. 4 (emphasis added). Therefore, to the extent courts have seemingly used the *Innis* exclusion from "interrogation" under the Fifth Amendment, *i.e.,* "police words or actions normally attendant to arrest and custody," in determining what is "interrogation," and thus testimonial, we decline to follow their rationale. Such an application would not serve the policies underlying the Sixth Amendment as expressed in *Crawford. See Crawford,* 541 U.S. at 61, 124 S.Ct. 1354 (goal of Sixth Amendment to ensure reliability of evidence and that reliability be assessed by crucible of cross-examination).

### Application

It is undisputed that the complainant's out-of-court statements were admitted as substantive evidence for the truth of the matter asserted. The Confrontation Clause does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted. *See Crawford,* 541 U.S. at 59 n. 9, 124 S.Ct. 1354 (citing *Tennessee v. Street,* 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985)). As proponent of the out-of-court statements, the State had the burden to show their admissibility—that is, to show either that the statements were non-testimonial or, if testimonial, that the complainant was unavailable and appellant had been afforded a prior opportunity to cross-examine her. *See id.* at 68, 124 S.Ct. 1354. Except for the prosecutor's statement that she did not believe the complainant had been served with a subpoena, the record is silent as to the unavailability of the complainant, and the State presented no evidence that appellant had been afforded a prior opportunity to cross-examine her. Therefore, admission of the statements would not violate the Confrontation Clause only if they were not testimonial.

For the reasons set out above, we conclude the complainant's out-of-court oral statements resulted from an "interrogation" within the meaning of the Sixth Amendment. Thus, the statements were testimonial. Moreover, even if the complainant's out-of-court oral statements were not in response to "interrogation," we nevertheless conclude they were testimonial because they were "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *See id.* at 52, 124 S.Ct. 1354.

Because the complainant's out-of-court statements were testimonial and the State did not carry its burden of showing she was unavailable and that appellant had a prior opportunity to cross-examine her, the

---

8. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

trial court erred in admitting the out-of-court statements. *See id.* at 68, 124 S.Ct. 1354.

■ Moreover, because the error was constitutional, we must reverse unless we can conclude beyond a reasonable doubt the error did not contribute to the conviction or punishment. *See* TEX.R.APP. P. 44.2(a). The complainant's out-of-court statements were the only substantive evidence that appellant intentionally hit her. Without them, the State would have had no case. Thus, it is obvious the trial court's error contributed to the conviction. *See Lee,* 143 S.W.3d at 571. We resolve appellant's issue in his favor.

We reverse the trial court's judgment and remand the case for further proceedings.