Affirmed; Opinion of September 8, 2005 Withdrawn and Substitute Opinion
filed November 15, 2005









Affirmed; Opinion of September 8, 2005 Withdrawn and
Substitute Opinion filed November 15, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00483-CR

____________

 

JERRY
WAYNE HUDSON, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________________________

 

On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 974,024

_____________________________________________________________

 

S U B S T I T U T E   O P I N I O N[1]








Appellant, Jerry Wayne Hudson, was convicted of assault upon
a family member.  He asserts six issues
on appeal: (1) the trial court erred by admitting hearsay statements in
violation of appellant=s rights under the Confrontation Clause; (2) the trial court
erred by admitting hearsay statements under the excited-utterance exception to
the hearsay rule; (3) the trial court erred by denying appellant=s motion for mistrial after the State
introduced evidence of extraneous offenses; (4) the trial court submitted an
erroneous jury charge; and (5)B(6) the evidence is legally and factually insufficient to
support the conviction.  We affirm.

I.  Factual and Procedural Background

On the night of May 27, 2003, Pasadena Police Officers J.M
Gonzales and Joseph Phillips responded to an assault call.  Wynona Edwards, the complainant, was sitting
in front of a house and her face was swollen around her eye and nose.  There was fresh blood on her shirt.  Edwards appeared visibly shaken and was
crying and upset.  She told the officers
that appellant had punched her and thrown her into a dumpster.  She also told them appellant was her
common-law husband.  Officer Phillips
testified that Edwards was intoxicated, but she was able to speak coherently
while explaining what had happened.

Emergency Medical Technician (AEMT@) Monroe Cooper arrived less than a
half hour after the police officers.  At
trial, he testified that the injuries to Edwards=s face were consistent with an
assault.  He also testified that he
noticed the odor of alcohol on Edwards and that she was very intoxicated, but
he stated that her facial injuries were not consistent with falling down.  After Cooper began to treat Edwards=s injuries, Officers Gonzales and
Phillips went to appellant=s apartment.  Appellant
voluntarily came to the door but was generally uncooperative in answering the
officers= questions and denied all allegations
of assault.  The officers placed
appellant under arrest.

After Edwards was transported to a hospital, Dr. Jason Bradt
examined her injuries and diagnosed her with a fractured orbital bone and
fractured ribs, consistent with an assault. 
Edwards also had a blood-alcohol concentration of 0.259.  Dr. Bradt testified at trial that he believed
Edwards referred to appellant as her Aboyfriend@ when identifying the person who
assaulted her, but that he had not documented this reference.








Appellant was charged by indictment with assault upon a
family member.  See Tex. Pen. Code Ann. ' 22.01(b)(2) (Vernon 2003).  Because appellant had pleaded guilty to
another family-assault offense in April 2003, appellant faced a third-degree
felony conviction rather than a Class A misdemeanor.  See id.  Appellant pleaded Anot guilty.@ 
Edwards did not testify at appellant=s trial.  A jury found appellant guilty, and the trial
court assessed punishment at eight years= confinement in the Texas Department
of Criminal Justice, Institutional Division. 


II.  Analysis

A.        Did the trial court err by admitting hearsay statements under
the excited-utterance hearsay exception?

In his second issue, appellant
argues that the trial court erred by admitting the hearsay testimony of EMT
Cooper and Officers Phillips and Gonzalez. 
Specifically, appellant challenges the admissibility of the portions of
these three witnesses=
statements in which they testified that Edwards told them that appellant was
her common-law husband and that he had punched her in the eye, grabbed her, and
put her in a dumpster.  The trial court
admitted their testimony under the excited-utterance exception to the hearsay
rule in Texas Rule of Evidence 803(2).  See
Tex. R. Evid. 803(2).  Appellant argues that their testimony was not
admissible under this exception.  See
id.

Whether an out-of-court statement
is admissible under an exception to the general hearsay exclusion rule is a
matter within the trial court=s
discretion.  Zuliani v. State, 97
S.W.3d 589, 595 (Tex. Crim. App. 2003). 
We are only to determine whether the record supports the trial court=s
ruling.  Coffin v. State, 885
S.W.2d 140, 149 (Tex. Crim. App. 1994). 
We will reverse only when A>the trial
judge=s
decision was so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.=@  Zuliani, 97 S.W.3d at 595 (quoting Cantu
v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992)).








Hearsay is a statement, other
than one made by the declarant while testifying at trial, offered in evidence
to prove the truth of the matter asserted. 
Tex. R. Evid. 801(d).  For hearsay to be admissible, it must fit
into an exception provided by statute or the Rules of Evidence.  Tex.
R. Evid. 802.  An excited
utterance under Rule 803(2) is one such exception. Tex. R. Evid. 803(2).

An excited utterance is Aa
statement relating to a startling event or condition made while the declarant
was under the stress of excitement caused by the event or condition.@  Tex.
R. Evid. 803(2).  For hearsay to
be admitted under this exception, the proponent must predicate the statement by
showing the following: (1) the statement was a product of a startling
occurrence that produced a state of nervous excitement in the declarant and
rendered the utterance spontaneous; (2) the state of excitement dominated the
declarant=s mind such that there was no
time or opportunity for him to contrive or misrepresent; and (3) the statement
related to the circumstances of the occurrence preceding it.  See Jackson v. State, 110 S.W.3d 626,
633 (Tex. App.CHouston [14th Dist.] 2003, pet.
ref=d).

When determining whether a
hearsay statement is admissible as an excited utterance, a reviewing court may
consider the amount of time that elapsed between the startling event and the
statement.  Salazar v. State, 98
S.W.3d 141, 154 (Tex. Crim. App. 2001). 
It is not dispositive that the statement was separated by a period of
time from the startling event; it is only a factor to consider in determining
if the statement is admissible under the excited-utterance hearsay
exception.  Zuliani, 97 S.W.3d at
596.  The critical factor to consider
when determining if a statement is an excited utterance is A>whether
the declarant was still dominated by the emotions, excitement, fear, or pain of
the event.=@  Id. (quoting McFarland v. State,
845 S.W.2d 824, 846 (Tex. Crim. App. 1992)). 
A reviewing court must decide if the statement was made A>under
such circumstance as would reasonably show that it resulted from impulse rather
than reason or reflection.=@  Zuliani, 97 S.W.3d at 596 (quoting Fowler
v. State, 379 S.W.2d 345, 347 (Tex. Crim. App. 1964)).








Appellant argues that Edwards=s
statements to EMT Cooper and Officers Phillips and Gonzalez are not admissible
as excited utterances because she was intoxicated at the time. 
Appellant contends that Edwards=s intoxication calls into question
whether her mind was dominated by a state of excitement such that there
was no time or opportunity for her to contrive or misrepresent.  However, the three witnesses testified that Edwards was
visibly shaken and highly upset when they arrived within five minutes of
receiving the assault call. Appellant does not cite, nor have we found, any
authority to support appellant=s contention that Edwards=s intoxication would make her
statement more likely a product of reason and reflection than a product of an
exciting event.  We conclude the trial
court did not abuse its discretion in admitting the testimony of EMT Cooper and
of Officers Phillips and Gonzalez under the excited-utterance hearsay
exception.  Accordingly, we overrule
appellant=s second issue.

B.        Did the trial court err by admitting hearsay statements in
violation of appellant=s rights under the Confrontation Clause?








In his first issue, appellant contends that even if Edwards=s statements to EMT
Cooper and to Officers Phillips and Gonzalez were admissible as excited utterances, they were
testimonial hearsay, and thus, their admission violates his Sixth Amendment
right to confrontation.  See Crawford
v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).  In Crawford, the United States Supreme
Court made a distinction between testimonial and nontestimonial hearsay
statements, holding that testimonial hearsay statements are inadmissible under
the Confrontation Clause unless the declarant is unavailable and the accused
has had an opportunity to cross-examine the declarant.  Id. at 53B54, 59, 68B69, 124 S. Ct. at 1365, 1369, 1374.  This court=s recent decisions interpreting Crawford
have held that testimonial statements include a declarant=s knowing
responses to structured questioning in an investigative environment or a
courtroom setting where the declarant reasonably would
expect that her responses might be used in future judicial proceedings. 
See Tyler v. State, 167 S.W.3d 550, 553B54 (Tex. App.CHouston [14th Dist.] 2005, pet.
filed.); Spencer v. State, 162 S.W.3d 877, 880 (Tex. App.CHouston [14th Dist.] 2005, pet.
filed). 

Statements made to officers responding to a call during the
initial assessment and securing of a crime scene are not testimonial.  See Spencer, 162 S.W.3d at 881; see
also Key v. State, __ S.W.3d __, __, 2005 WL 467167, at *3B5 (Tex. App.CTyler Feb. 28, 2005, pet. ref=d.). 
Edwards volunteered information after police officers responded to an
assault call.  The officers were not
conducting structured questioning in an investigative setting; they merely were
trying to ascertain what had happened. 
There is no reason to believe that Edwards, who was in a visibly upset
and shaken condition, reasonably expected her statements to be used in a
judicial setting.  The officers heard
these statements during their initial assessment of a crime scene.[2]  Edwards=s statements to
Officers Phillips and Gonzalez and to EMT Cooper are not testimonial, and the trial court=s admission of the statements did not
violate appellant=s rights under the Confrontation Clause.  Accordingly, we overrule appellant=s first issue.  

C.        Did the trial court abuse its discretion in denying appellant=s motion for a mistrial?








In his third issue, appellant contends the trial court erred
in denying his motion for a mistrial after Dr. Bradt testified that Edwards
told him of repeated beatings in the days preceding the incident.  During his testimony, Dr. Bradt revealed that
Edwards had mentioned several assaults in the days leading up to May 27,
2003.  Appellant objected to Dr. Bradt=s testimony.  The trial court sustained his objection,
instructed the jury to Adisregard the last response and not consider it whatsoever,@ but denied appellant=s motion for a mistrial.  Appellant argues that Dr. Bradt improperly
injected extraneous offenses that inflamed the minds of the jury such that the
trial court=s instruction to disregard could not
cure the harm. 

We review a trial court=s denial of a motion for a mistrial
under an abuse-of-discretion standard.  See
Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  A mistrial is an extreme remedy for
prejudicial events that occur at trial and should be exceedingly uncommon.  Bauder v. State, 921 S.W.2d 696, 698
(Tex. Crim. App. 1996).  A mistrial is
required only when the impropriety is clearly calculated to inflame the minds
of the jury and is of such a character as to suggest the impossibility of
withdrawing the impression produced on the minds of the jury.  Hinojosa v. State, 4 S.W.3d 240, 253
(Tex. Crim. App. 1999); Herrero v. State, 124 S.W.3d 827, 836 (Tex. App.CHouston [14th Dist.] 2003, no
pet.).  Generally, a prompt instruction
to disregard will cure error resulting from an improper question and answer
regarding extraneous offenses.  Ovalle
v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000); see also Whitaker
v. State, 977 S.W.2d 595, 600 (Tex. Crim. App. 1998) (instruction cured
error when witness testified that appellant was physically and mentally abusive
toward her); Paster v. State, 701 S.W.2d 843, 848 (Tex. Crim. App. 1985)
(instruction rendered testimony concerning appellant=s involvement in two extraneous
murders harmless); Herrero, 124 S.W.3d at 836 (instruction cured error
when witness stated he was testifying in exchange for government protection
from death threat by appellant).  This
court previously has considered whether the prosecutor solicited the improper
testimony, see Drake v. State, 123 S.W.3d 596, 604 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d), and whether the jury heard
similar evidence, see Herrero, 124 S.W.3d at 836, as factors in
determining whether the trial court erred in denying a motion for a mistrial. 








After reviewing the record, we conclude the trial court did
not abuse its discretion in denying appellant=s motion for a mistrial because the
improper testimony was not clearly calculated to inflame the jurors= minds nor was it of such a character
as to suggest the impossibility of withdrawing the impression left upon the
jury.  The State did not solicit the
improper testimony; rather, it was a nonresponsive answer from an expert
witness reading from his notes to refresh his memory.  The trial court=s instruction to disregard was
prompt, unequivocal and forceful, fully sufficient to cure any harm from any
impression left upon the jury. 
Additionally, the trial court specifically had instructed the jurors
during voir dire that they were to separate prior incidents from the charged
assault.  We conclude that the trial
court did not abuse its discretion by denying a mistrial after Dr. Bradt=s mention of the previous
assaults.  Accordingly, we overrule
appellant=s third issue.

D.        Did the trial court err by not properly instructing the jury
on the definitions of Aconsanguinity@
and Aaffinity@?

In his fourth issue, appellant contends that the jury charge should
have contained the definitions of Aconsanguinity@ and Aaffinity@ as contained in the Texas Government
Code.  See Tex. Gov=t Code Ann. '' 573.022, 573.024 (Vernon 2004).  Assault of a family member becomes a
third-degree felony only upon proof that a person assaulted a family member and
that person previously was convicted of assaulting a family member.  Tex.
Pen. Code Ann. ' 22.01(b)(2).  To prove
a defendant assaulted a family member, the State must establish that the
defendant and the complainant are members of the same family.  See id.  Family members include people related by
consanguinity or affinity, as determined under sections 573.022 and 573.024 of
the Texas Government Code, former spouses, parents of the same child, or a
foster child and foster parent.  Tex. Fam. Code Ann. ' 71.003 (Vernon 2002); Tex. Pen. Code Ann. ' 22.01(e)(1).








In this case, the jury charge tracked the statutory
definition of Afamily,@ but it did not provide the statutory
definitions of either Aconsanguinity@ or Aaffinity.@  Appellant did not
object to the jury charge.  Therefore,
error, if any, does not require reversal unless it was so egregious and created
such harm that appellant was denied a fair trial.  Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1984).  First, this
court must determine whether the jury charge is erroneous.  Hutch v. State, 922 S.W.2d 166, 170
(Tex. Crim. App. 1996).  If it is, then
we court must determine whether the error in the charge resulted in egregious
harm.  Id.           Generally, the jury charge need not define any terms which
are not statutorily defined. See Martinez v. State, 924 S.W.2d 693, 698
(Tex. Crim. App. 1996).  However, a trial
court=s charge should contain a definition
of any legal phrase that the jury necessarily will use in properly resolving
that issue.  Lindsay v. State, 102
S.W.3d 223, 230 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d). 
If a phrase, term, or word is statutorily defined, the trial court must
submit the statutory definition to the jury. 
Id.  

The jury charge included the statutory definition for Afamily,@ which includes Aindividuals related by consanguinity
or affinity, as determined under Sections 573.022 and 573.024, Government Code,
[and] individuals who are former spouses of each other. . . .@ 
Tex. Fam. Code Ann. ' 71.003.  However, the jury charge did not contain the
statutory definitions for Aconsanguinity@[3] and Aaffinity.@[4] 
Because these terms have statutory definitions, the trial court erred in
failing to include the definitions in the charge.  See Lindsay, 102 S.W.3d at 230.








Appellant further asserts that the jury charge should have
defined the elements of common-law marriage because that was the family
relationship upon which the State relied for conviction.  Because common-law marriage was an issue Aapplicable to the case,@ 
appellant argues the omission of the definition of common-law marriage
was also error.  See Tex. Code Crim. Proc. Ann. Art. 36.14 (Vernon 2004); see also Posey v. State,
966 S.W.2d 57, 62 (Tex. Crim. App. 1998).  Presuming without deciding that the omission
of the definition of Acommon-law marriage@ from the jury charge was also error,
we must determine whether appellant has demonstrated egregious harm that would
warrant reversal.  Almanza, 686 S.W.2d
at 171.  The actual degree of harm must
be assayed in light of the entire jury charge, the state of the evidence,
including the contested issues and the weight of probative evidence, the
argument of counsel, and any other relevant information revealed by the record
of the trial as a whole.  Almanza,
686 S.W.2d at 171.  Errors resulting in
egregious harm are those which affect the very basis of the case, deprive the
defendant of a valuable right, or vitally affect a defense theory.  Hutch, 922 S.W.2d at 171.  

In this case, appellant did not suffer egregious harm as a
result of the omitted definitions.  The
jury heard evidence that appellant was Edwards=s common-law husband.  Although the meaning of the words Aconsanguinity@ and Aaffinity@ may not be commonly known, it is
commonly understood that one=s spouse is a member of one=s family.  Even without the definitions of Acommon-law marriage,@ Aconsanguinity,@ and Aaffinity,@ a reasonable juror could have
concluded that Edwards was appellant=s family member.  Even though the jury charge contained error,
we conclude it did not result in egregious harm affecting the very basis of the
case or depriving appellant of a valuable right.  See id.  Accordingly, we overrule appellant=s fourth issue.

E.        Is the evidence legally and factually
sufficient to support appellant=s
conviction for assaulting a family member?








In his fifth and sixth issues,
appellant contends the evidence is legally and factually insufficient to prove
that he committed assault against a family member.  Specifically, appellant contends that the
evidence is insufficient to show that Edwards was a member of his family.  As stated above, assault of a family member
becomes a third-degree felony only upon proof that the accused previously was
convicted of assaulting a family member. 
Tex. Pen. Code Ann. ' 22.01(b)(2).  To prove appellant assaulted a family member,
the State was required to establish that appellant and Edwards are related by
consanguinity or affinity, former spouses, parents of the same child, or a
foster child and foster parent.  See  Tex.
Fam. Code Ann. ' 71.003 (Vernon 2004);
Tex. Pen. Code Ann. ' 22.01(b)(2), (e)(1). 

We measure the sufficiency of the
evidence by the elements of the offense as defined by a hypothetically correct
jury charge.  Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). 
A hypothetically correct jury charge accurately sets out the law, is
authorized by the charging instrument, and adequately describes the particular
offense for which appellant was tried.  Id.  The hypothetically correct jury charge in
this case would have contained the statutory definitions of Aconsanguinity@ and Aaffinity.@  See  Tex. Fam.
Code Ann. ' 71.003; Tex. Gov=t Code Ann. '' 573.022, 573.024 Tex. Pen. Code Ann. ' 22.01(b)(2), (e)(1).








In evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The issue on appeal is not whether we, as a court, believe the State=s
evidence or believe that appellants= evidence
outweighs the State=s
evidence.  Wicker v. State, 667
S.W.2d 137, 143 (Tex. Crim. App. 1984). 
The verdict may not be overturned unless it is irrational or unsupported
by proof beyond a reasonable doubt. Matson v. State, 819 S.W.2d 839, 846
(Tex. Crim. App. 1991).  The jury, as the
trier of fact, Ais the
sole judge of the credibility of the witnesses and of the strength of the
evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may
choose to believe or disbelieve any portion of the witnesses=
testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986). 
When faced with conflicting evidence, we presume the trier of fact
resolved conflicts in favor of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex.
Crim. App. 1993).  Therefore, if any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex.
Crim. App. 1997).

The evidence is legally
sufficient to convict appellant of assaulting a family member.  The State was required to prove that
appellant intentionally, knowingly, or recklessly caused Edwards, a family
member, bodily injury.  See Tex. Pen. Code Ann. '
22.01(b)(2).  Edwards=s
statements to the police officers established that appellant was responsible
for the harm and that Edwards was her common-law husband.  On this evidence, a reasonable trier of fact
could have concluded that appellant and Edwards were family members.  Viewing all evidence in a light most
favorable to the verdict, we conclude the evidence is legally sufficient to
support appellant=s
conviction.  Accordingly, we overrule
appellant=s fifth issue.

When evaluating a challenge to
the factual sufficiency of the evidence, we view all the evidence in a neutral
light and inquire whether the jury was rationally justified in finding guilt
beyond a reasonable doubt.  Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  A reviewing court may find the evidence
factually insufficient in two ways.  Id.  First, when considered by itself, the
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt.  Id.  Second, after weighing the evidence
supporting the verdict and the evidence contrary to the verdict, the contrary
evidence may be strong enough that the beyond-a- reasonable-doubt standard
could not have been met.  Id.  at 484B85.  In conducting the factual-sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id.
at 481B82.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the
weight and credibility given to any witness=s
testimony.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
In conducting a factual-sufficiency review, we must discuss the evidence
appellant claims is most important in allegedly undermining the jury=s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).








The evidence is factually sufficient to establish that
Edwards was a member of appellant=s family.  Appellant asserts that Edwards did not know
the legal definition of common-law marriage and was highly intoxicated when she
told police that appellant was her common-law husband.  Appellant asserts that, based on these
circumstances, Edwards= testimony has questionable credibility and should have
raised a reasonable doubt in jurors= minds.  The only evidence contrary to a finding of
family relation is the testimony of Dr. Bradt, stating that he Abelieved@ Edwards referred to appellant as her
Aboyfriend.@ 
Viewing the evidence in a neutral light, a finding that Edwards was a
member of appellant=s family is neither so weak as to be clearly wrong nor
against the great weight and preponderance of evidence.  See Zuniga, 144 S.W.3d at 484.  Accordingly, we overrule appellant=s sixth issue.

Having overruled all six of appellant=s issues
on appeal, we affirm the trial court=s
judgment.

 

/s/        Kem
Thompson Frost

Justice

 

Judgment rendered and
Substitute Opinion filed November 15, 2005.

Panel consists of Chief
Justice Hedges and Justices Fowler and Frost.

Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  We withdraw
the opinion issued in this case on September 8, 2005, and we issue this
substitute opinion in its place.





[2]  Both the State
and appellant attempt to draw support from the conflict over whether
questioning of a victim in the hospital is testimonial hearsay.  Compare Cassidy v. State, 149 S.W.3d
712, 716 (Tex. App.CAustin 2004, pet. ref=d)
(statements given at hospital following questioning are nontestimonial), cert.
denied, __ U.S. __, 125 S. Ct. 1648, 161 L. Ed. 2d 486 (2005), with Wall
v. State, 143 S.W.3d 846, 851 (Tex. App.CCorpus
Christi 2004, pet. ref=d) (statements given at hospital following questioning
are testimonial).  We need not address
this conflict as the complainant (Edwards) was at the crime scene, not the
hospital, when she made the statements in question.





[3]  Texas
Government Code ' 573.022(a) states that A[t]wo
individuals are related to each other by consanguinity if: (1) one is a
descendent of the other; or (2) they share a common ancestor.@  Tex. Gov=t Code Ann. ' 573.022 (Vernon 2004).





[4]  Texas
Government Code ' 573.024(a) states that A[t]wo
individuals are related to each other by affinity if: (1) they are married to
each other; or (2) the spouse of one of the individuals is related by affinity to
the other individual.@  Tex. Gov=t Code Ann. ' 573.024 (Vernon 2004).