Justice White,
with whom Justice Blackmun and Justice Souter join,
dissenting.
Under Edwards v. Arizona, 451 U. S. 477, 484-485 (1981), a defendant who invokes the Fifth Amendment right to counsel during custodial interrogation may not be subjected to further interrogation until counsel is made available to him, unless he subsequently initiates communications. “[I]t is inconsistent with Miranda [v. Arizona, 384 U. S. 436 (1966),] and its progeny,” the Court concluded, “for the authorities, at their instance, to reinter-rogate an accused in custody if he has clearly asserted his right to counsel.” Id., at 485. While easily stated, the Edwards rule has not always been easy to apply. In particular, the question of how officials conducting an interrogation ought to respond to a defendant’s ambiguous or equivocal assertion of the right to counsel has divided the state and federal courts. The Court should take this opportunity to resolve this important constitutional question.
Virginia police arrested petitioner in connection with the abduction, rape, and murder of 10-year-old Charity Powers. Petitioner was advised of his Miranda rights and agreed to talk to a detective and an FBI agent. During the interrogation, petitioner asked the detective: “‘Do you think I need an attorney here?’” *1044 The detective responded by shaking his head slightly from side to side, shrugging, and stating: “ ‘You’re just talking to us.’ ” The interrogation continued and petitioner confessed to the crimes. See 244 Va. 386, 391, 422 S. E. 2d 380, 384 (1992). Petitioner sought to suppress the confession, claiming, inter alia, that the continuation of the interrogation constituted an Edwards violation. The trial court denied the motion and petitioner was tried, convicted, and sentenced to death. Relying on its prior decision in Eaton v. Commonwealth, 240 Va. 236, 253-254, 397 S. E. 2d 385, 395-396 (1990), cert. denied, 502 U. S. 824 (1991), which in turn relied on Edwards’ reference to a defendant who has “clearly asserted” the right to counsel, see supra, at 1043, the Virginia Supreme Court affirmed, concluding that petitioner’s question “did not constitute an unambiguous request for counsel” and therefore was insufficient to trigger Edwards. 244 Va., at 396, 422 S. E. 2d, at 387. Petitioner now seeks review of this ruling, among others. Pet. for Cert. 11-12.
It has been nearly a decade since the Court acknowledged the existence of three “conflicting standards” used by state and federal courts for determining the consequences of ambiguous or equivocal assertions of the right to counsel. Smith v. Illinois, 469 U. S. 91, 95-96, and n. 3 (1984) (per curiam). Thus,
“[s]ome courts have held that all questioning must cease upon any request for or reference to counsel, however equivocal or ambiguous. Others have attempted to define a threshold standard of clarity for such requests, and have held that requests falling below this threshold do not trigger the right to counsel. . . . Still others have adopted a third approach, holding that when an accused makes an equivocal statement that ‘arguably’ can be construed as a request for counsel, all interrogation must immediately cease except for narrow questions designed to ‘clarify’ the earlier statement and the accused’s desires respecting counsel.” Id., at 96, n. 3 (citations omitted).
This disagreement has not abated. Although a number of Circuits have since adopted what Smith described as the “third approach,” see United States v. Porter, 776 F. 2d 370 (CA1 1985); United States v. Gotay, 844 F. 2d 971, 975 (CA2 1988); United States v. Fouche, 776 F. 2d 1398, 1405 (CA9 1985); Towne v. Dugger, 899 F. 2d 1104 (CA11), cert. denied, 498 U. S. 991 (1990), the *1045 Sixth Circuit apparently adheres to the first approach. See Maglio v. Jago, 580 F. 2d 202, 205 (1978) (ambiguous invocation requires cessation of all questioning). State high courts also continue to issue conflicting decisions. Kentucky and Texas, like Virginia, now employ a variant of the second, “threshold standard,” approach, see Dean v. Commonwealth, 844 S. W. 2d 417, 420 (Ky. 1992) (endorsing Eaton v. Commonwealth, supra); Russell v. State, 727 S. W. 2d 573, 575 (Tex. Crim. App.) (en banc) (right to counsel invoked if “clearly asserted”), cert. denied, 484 U. S. 856 (1987), while other States and the District of Columbia have embraced the third approach, see State v. Staatz, 159 Ariz. 411, 414, 768 P. 2d 143, 146 (1988); People v. Benjamin, 732 P. 2d 1167, 1171 (Colo. 1987), Crawford v. State, 580 A. 2d 571, 576-577 (Del. 1990); Ruffin v. United States, 524 A. 2d 685 (D. C. 1987), cert. denied, 486 U. S. 1057 (1988); Hall v. State, 255 Ga. 267, 273, 336 S. E. 2d 812, 816 (1985); State v. Robinson, 427 N. W. 2d 217, 223 (Minn. 1988).
As it is apparent that a substantial number of criminal defendants who are identically situated in the eyes of the Constitution have received, and will continue to receive, dissimilar treatment because of the different approaches taken by the lower courts, I would grant certiorari.