Jeremy Kim GUTIERREZ, Appellant

v.

The STATE of Texas, Appellee.

No. 14–02–01220–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 9, 2004.

Candelario Elizondo, Houston, for appellant.

Carmen Castillo Mitchell, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices FOWLER and SEYMORE.

## OPINION ON REMAND

CHARLES W. SEYMORE, Justice.

Appellant, Jeremy Gutierrez, was convicted of felony theft. On direct appeal,

appellant contended that the trial court erred by (1) admitting an accomplice's videotaped statement, (2) admitting his own videotaped confession made after he requested counsel, (3) admitting his own videotaped confession because it was the product of undue influence, (4) failing to include an instruction in the jury charge about his request for counsel, and (5) failing to include an instruction in the jury charge about undue influence. On original submission, we affirmed appellant's conviction. However, the United States Supreme Court subsequently decided, *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), addressing the admissibility of testimonial hearsay under the Confrontation Clause of the United States Constitution. Therefore, on petition for discretionary review, the Texas Court of Criminal Appeals vacated our judgment and remanded the case for us to consider the admissibility of the accomplice's videotaped statement. We affirm.

## I. BACKGROUND

Appellant was employed as a pharmacist technician for the Methodist Hospital in Houston. He had access to expensive drugs. Appellant stole pharmaceutical drugs from Methodist Hospital pharmacy and sold them to Christopher Felan, formerly a pharmacy technician at M.D. Anderson Cancer Center. Federal agents and Houston Police Department (HPD) officers convinced Felan to set up a drug transaction with appellant while wearing a wire to record their conversation. During the transaction, appellant requested $7,500 for drugs that were in the trunk of his car. The police arrested him immediately.

After his arrest, officers took appellant into an interview room and informed him of his rights. At the beginning of his videotaped statement, the officers again informed appellant of his rights. They also informed him that he had a right to have a lawyer present to advise him prior to and during questioning. Appellant then asked, "Can I have him present now?" Officer J.H. Davis with HPD responded affirmatively, but told appellant that officers would terminate the interview, put him back in his cell, and not speak to him further. Officer Davis then asked appellant if he wanted an attorney present, and he replied, "No." Officers assured appellant that he could have an attorney present, but he stated that he would like to continue without one. Appellant's attorney arrived and entered the interrogation room toward the end of appellant's videotaped statement. Appellant conferred with his attorney. Afterwards, the interview continued in the presence of appellant's attorney.

Appellant later testified that he continued to give his statement because he was told that "if he cooperated and told the truth the judge would give him leniency." However, none of the officers present during the interrogation testified they offered any such inducement. During the statement, appellant confessed his involvement in the thefts.

In his pretrial motions to suppress, appellant contended his statement had been made after he requested counsel and was the product of undue influence. The trial court denied the motions to suppress.

During trial, the State played Felan's videotaped statement to the jury. In the videotaped statement, Felan explained the drug-stealing scheme, inculpating appellant and himself. Appellant objected on several grounds, including denial of the right to confrontation and hearsay.

## II. FELAN'S STATEMENT

### A. ADMISSIBILITY OF STATEMENT

In appellant's first issue, he contends the trial court erred in allowing Felan's

videotaped statement to be played to the jury. He contends the statement was hearsay and he was denied his Sixth Amendment right to confrontation because Felan was not present to testify.

In Felan's statement, he confessed that he stole drugs from the M.D. Anderson Cancer Center's pharmacy and resold them. He also implicated three other individuals, including appellant. Felan explained that appellant would steal drugs from Methodist Hospital and Felan would buy them and then sell them to a third individual.

 Felan's videotaped statement is hearsay because it is an out-of-court assertion offered to prove the truth of the matter asserted. *See* TEX.R. EVID. 801(d). However, Felan's videotaped confession is also a statement against penal interest, which is an exception to the hearsay rule. *See* TEX.R. EVID. 803(24). A statement against interest includes a statement which, at the time of its making, so far tended to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. *Id.* Under the Texas Rules of Evidence, an admission against a co-defendant declarant's penal interest may be admissible against the defendant so long as it is sufficiently against the declarant's interest to be reliable and is sufficiently corroborated by other evidence. *Dewberry v. State,* 4 S.W.3d 735, 751–52 (Tex.Crim. App.1999); TEX.R. EVID. 803(24).

However, in *Crawford v. Washington,* the Supreme Court re-examined the admissibility of out-of-court testimonial statements under the Confrontation Clause. 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177. In *Crawford,* the Court emphasized, "where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: *confrontation.*" *Id.* at 1374 (emphasis added). The Court held that out-of-court testimonial statements by a witness, who fails to testify at trial, are barred by the Confrontation Clause unless the witness is unavailable and the accused had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable under the rules of evidence. *Id.* at 1369–74.

Although the *Crawford* Court declined to articulate a comprehensive definition of what constitutes a "testimonial" statement, the court did hold that a statement given during police interrogation is "testimonial." *Id.* at 1374. Therefore, the videotaped statement that Felan voluntarily gave to the police qualifies as a "testimonial" statement as a matter of law. *Id.* at 1364 (stating that "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not"). Because Felan's videotaped statement was an out-of-court testimonial statement, it is admissible under *Crawford* only if Felan was unavailable to testify and appellant had an opportunity to cross-examine Felan. *Id.* at 1369–74. However, appellant had no opportunity to cross-examine Felan either before or during trial. Therefore, the admission of Felan's videotaped statement violated appellant's Sixth Amendment rights. Accordingly, the trial court, without the benefit of the United States Supreme Court's decision in *Crawford,* erred in allowing Felan's statement to be played to the jury.

### B. HARM ANALYSIS

 A violation of the Confrontation Clause, like other federal constitutional error, is subject to harmless error analysis. *Shelby v. State,* 819 S.W.2d 544, 546–47

(Tex.Crim.App.1991) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986)). In the case of constitutional error, we must reverse the conviction unless we determine beyond a reasonable doubt that the error did not contribute to appellant's conviction or punishment. *See* Tex.R.App. P. 44.2(a).

■ The Court of Criminal Appeals has adopted a three-prong test for reviewing courts to apply when assessing harm in Confrontation Clause cases. *Shelby*, 819 S.W.2d at 546–47 (Tex.Crim.App.1991). First, we assume that the damaging potential of the cross-examination is fully realized. *Id.* Second, with that assumption in mind, we review the error under the following factors: (1) the importance of the witness's testimony in the prosecution's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross-examination otherwise permitted; and (5) the overall strength of the prosecution's case. *Id.* Finally, in light of the first two prongs, we must determine if the error was harmless beyond a reasonable doubt. *Id.*

■ In applying this test, we focus on Felan's statement and assume that the damaging potential of the cross-examination was fully realized. We assume that appellant would have been permitted to fully cross-examine Felan and, thus, had the opportunity to discredit Felan as a witness. With that assumption in mind, we review the error in connection with the following five factors:

### 1. The Importance of the Witness's Testimony in the Prosecution's Case

In Felan's statement, he described the drug-stealing scheme in which he and ap-pellant were involved. Felan's statement was important to the prosecution's case because Felan indicated that appellant stole drugs from Methodist Hospital and sold them to Felan on three or four occasions.

### 2. Whether the Testimony was Cumulative

Felan's statement was cumulative of the other evidence. In particular, in appellant's own videotaped confession, he detailed his participation in the drug-stealing scheme and admitted that he sold the stolen drugs to Felan on four occasions.[1]

### 3. The Presence or Absence of Evidence Corroborating or Contradicting the Testimony of the Witness on Material Points

The material point in Felan's statement is that appellant stole drugs from Methodist Hospital and sold them to Felan. Appellant's own videotaped confession strongly corroborates this. Moreover, the audio tape of the drug transaction, as well as the stolen drugs confiscated from appellant's car also corroborate appellant's participation in the drug-stealing scheme.

### 4. The Extent of Cross–Examination Otherwise Permitted

Appellant was not given an opportunity to cross-examine Felan. Appellant was, however, permitted to fully cross-examine the State's other witnesses.

### 5. The Overall Strength of the Prosecution's Case

The State's case was strong overall, with or without Felan's videotaped statement.

---

1. In his second and third issues, appellant argues that the trial court improperly admitted his videotaped confession. However, as discussed in Parts III and IV of this opinion, we disagree with appellant and hold that his videotaped confession was admissible.

The State introduced appellant's video-taped confession admitting his participation in the drug-stealing scheme, the testimony of investigating officers who observed the drug transaction between appellant and Felan, a tape recorded conversation in which appellant agreed to sell stolen drugs to Felan, the audiotape of the drug transaction, and the stolen drugs that were confiscated from appellant's car.

The final step of our analysis requires us to determine, in light of the foregoing examination, whether the error was harmless beyond a reasonable doubt. *Shelby*, 819 S.W.2d at 546–47. The lawfully admitted evidence overwhelmingly established appellant's guilt. Moreover, Felan's statement was corroborated by appellant's own confession. These factors lead us to conclude beyond a reasonable doubt that admission of Felan's statement was harmless. *See Simpson v. State*, 119 S.W.3d 262, 269–71(Tex.Crim.App.2003) (finding confrontation clause violation to be harmless error where evidence of guilt was strong and erroneously admitted statement was corroborated by other evidence adduced at trial). Thus, appellant's first issue is overruled.

### III. RIGHT TO COUNSEL

■ In appellant's second issue, he contends that he invoked his right to counsel by asking, "Can I have him present now?" Thus, all statements made thereafter should have been excluded, and the trial court erred by denying his motion to suppress. We review a ruling on a motion to suppress under the standards set forth in *Guzman v. State*, giving almost complete deference to a trial court's determination of historical facts and viewing the evidence in the light most favorable to the trial court's ruling. 955 S.W.2d 85, 87 (Tex. Crim.App.1997). However, we review the

trial court's application of the law to the facts de novo. *Id.* at 89.

■ A request for counsel must be "unambiguous," meaning the suspect must "articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Davis v. United States*, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). In *Davis*, the Court concluded that the following statement by a suspect was an ambiguous articulation of a desire for counsel: "Maybe I should talk to a lawyer." *Id.* at 462, 114 S.Ct. 2350. When asked for clarification, appellant stated, "No, I'm not asking for a lawyer." *Id.* at 455, 114 S.Ct. 2350. Appellant's tentative query in this case is somewhat similar.

■ After appellant was informed of his right to counsel, he asked, "Can I have him present now?" Officer Davis then correctly answered appellant by stating that he could have counsel at that time, however, the questioning would end and appellant was to be returned to his cell. Davis then asked appellant if he wanted counsel present and appellant responded, "No." Appellant was assured by another officer that he could have counsel present and he again refused.

Whether appellant invoked his right to counsel is determined by reviewing the totality of the circumstances. *Smith v. State*, 779 S.W.2d 417, 425–26 (Tex.Crim. App.1989); *Collins v. State*, 727 S.W.2d 565, 568 (Tex.Crim.App.1987). After reviewing all of the dialogue between appellant and the officers, we conclude that appellant's ambiguous question about counsel was followed by his unambiguous rejection of an attorney's presence during the interview. *Dinkins v. State*, 894 S.W.2d 330, 351 (Tex.Crim.App.1995). Accordingly, we overrule appellant's second issue.

## IV. INDUCED CONFESSION

■ In appellant's third issue, he contends the trial court erred in admitting his confession because it was improperly induced by a promise of leniency. In order to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion and state the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX.R.APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex.Crim. App.1998) (op. on reh'g). Also, the trial court must be given an opportunity to rule expressly or implicitly, or must have refused to rule, and the complaining party objected to the refusal. *Taylor v. State*, 939 S.W.2d 148, 155 (Tex.Crim.App.1996).

■ Appellant's sole objection in his motion to suppress was that he invoked his right to counsel. He did not argue in his motion to suppress or in his supporting memorandum that police improperly induced his confession. Accordingly, we hold appellant did not properly preserve this issue for appellate review. *See* TEX. R.APP. P. 33.1(a)(1). We overrule appellant's third issue.

## V. JURY CHARGE

■ Appellant contends in his fourth and fifth issues that the trial court erred by failing to include instructions in the jury charge about undue influence and invoking the right to counsel. A defendant is entitled to an instruction on the voluntariness of his confession when the evidence presented at trial raises a factual issue as to whether he had been warned of his rights and voluntarily waived them prior to making a statement. *Dinkins*, 894 S.W.2d at 353–54. It is then proper to include in the jury charge instructions informing the jury that, if a reasonable doubt has been raised as to whether a defendant knowingly, intelligently, and voluntarily waived his rights before giving a confession, the jury must disregard the confession and not consider it for any purpose. *Bell v. State*, 582 S.W.2d 800, 812 (Tex.Crim.App.1979). In this case, the court gave a general instruction on voluntariness instead of one that was fact-specific pertaining to appellant's claim of undue influence. The trial court also informed the jury that they could disregard appellant's statement if they found it was taken in contravention of the law. The court's instructions adequately addressed when a statement is made voluntarily and in accordance with a defendant's rights. Accordingly, we find the court's charge accurately and sufficiently informed the jury regarding the applicable law. *See Mendoza v. State*, 88 S.W.3d 236, 240 (Tex.Crim.App. 2002) (defendant not entitled to instruction regarding criteria for confessions when instruction on voluntariness is adequate); *Atkinson v. State*, 923 S.W.2d 21, 23 (Tex. Crim.App.1996). Therefore, we overrule appellant's fourth and fifth issues and affirm the judgment of the trial court.