Affirmed and Memorandum Opinion filed October 19, 2006








Affirmed
and Memorandum Opinion filed October 19, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00750-CR

____________

 

MARK ANTHONY RODRIGUEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court 

Harris County, Texas

Trial Court Cause No. 1014989

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of aggravated robbery and
assessed punishment at life in the Texas Department of Criminal Justice
Institutional Division, and a $10,000 fine.  On appeal, appellant raises two
points of error.  In his first, he challenges the trial court=s decision to
overrule a motion to suppress a recorded interview of the appellant as a
violation of the Fifth Amendment and article 38.21 of the Texas Code of
Criminal Procedure.  In his second point, appellant argues that the trial court
reversibly erred in failing to instruct the jury of the burden of proof
applicable to evidence of an extraneous offense at the punishment phase of
trial.  We affirm.








Factual and Procedural Background

Appellant does not challenge the factual or legal
sufficiency of the evidence;  therefore, we present a brief summation of the
facts.  Appellant was indicted for aggravated robbery of the complainant,
Rashid Misaqi.  Before trial, appellant moved to suppress a recorded statement
taken by Pasadena police, claiming that his Fifth Amendment rights, and his
rights under article 38.21 of the Texas Code of Criminal Procedure were
violated.  After being taken into an interview room, an officer read appellant
his rights, and appellant indicated he understood them, and signed a form to
the same effect.  Looking to another form, the officer then said, AUnderneath there
is a waiver of your rights. If you want to talk to me, it says...,@ and then
proceeded to read the appellant the waiver form.  Immediately after reading the
waiver form to appellant, the following exchange took place: 

Appellant: I can=t waive my rights.

Officer: You can=t waive your rights?

Appellant: No.

Officer: You don=t want to talk to me at all about
this?

Appellant: Yeah, what have you got to say?

Officer: Well if I talk to you, you have to waive your rights.

Appellant: I can=t do that...

Officer: Huh? 

Appellant: Those are my rights. If I waive them...

Officer: You can stop answering at any time if you want to.

Appellant: Well it says Awarning, waiving your rights.@ 

Officer: Right it says waiving these rights, and it
says you have the right to  terminate this interview at any time. You don=t want a lawyer at this time, and
you know what you are doing. You=ve read your statement of rights, and you understand what
your rights are. 

Appellant: Do you guys have an appointed lawyer here? 

Officer: No.

Appellant: I guess you don=t...right.








Officer: This is your chance to talk to me. If you
don=t want to take it, then we=ll take you on back downstairs.

Appellant: We can talk.

Officer: Okay. You want to sign right there. 

Appellant: Yeah. 

During the punishment phase of the trial, the State
re-offered all its evidence from the guilt/innocence phase.  This evidence
included an officer=s testimony that appellant was found in
possession of cocaine and a crack pipe upon his arrest in Corpus Christi. The
trial court then neglected to give an instruction in the jury charge that any
extraneous offenses should only be considered in assessing punishment if the
fact finder is convinced beyond a reasonable doubt that such offenses are
attributable to the defendant.  It is this omission from the jury charge that
comprises appellant=s second point of error. 

Analysis

I.        Denial
of Motion to Suppress Was Not in Error

A.      Argument
Under Article 38.21 of the Code of Criminal Procedure Not Preserved

Appellant argues in his brief that the interrogation in
question violated article 38.21 of the Texas Code of Criminal Procedure, which
states that, Aa statement of an accused may be used in evidence
against him if it appears that the same was freely and voluntarily made without
compulsion or persuasion, under the rules hereafter prescribed.@  Tex. Code Crim. Proc. Ann. art. 38.21. 
This argument, however, is not preserved for review.  See Tex. R. App. P. 33.1.  The record in
this case contains no written motion to suppress the videotaped interview. 
Because nothing in the reporter=s record suggests that an argument based
on article 38.21, involuntariness, compulsion, or persuasion  was ever brought
to the attention of the trial judge, we hold that the argument is waived.[1] 
See id. 








B.      Fifth
Amendment Right to Counsel Did Not Require Suppression of Videotape 

1.       Standard
of Review

At the hearing on his motion to suppress, appellant=s argument to the
court sufficed to preserve error as to whether he invoked his Fifth Amendment
right to counsel.  When reviewing a trial court=s ruling on a
motion to suppress, determinations of historical fact are given almost total
deference.  Herrera v. State, 194 S.W.3d 656, 658 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d).  When, as here, however, we have a
videotape of the interview and the facts surrounding the interview are
uncontroverted, we review the trial court=s application of
law to facts de novo. Id.

2.       Applicable
Law

Under the Fifth Amendment to the United States
Constitution, once a suspect has invoked his right to counsel, all
interrogation must cease immediately until either counsel is provided or the
suspect himself reinitiates the conversation.  Edwards v. Arizona, 451
U.S. 477, 484B85 (1981).  For many years, however, what to do when
the accused makes an equivocal assertion of the right to counsel was an unsettled
question.  See Mueller v. Virginia, 507 U.S. 1043, 1043 (1993) (White,
J., dissenting) (dissenting from a denial of certiorari due to a perceived lack
of guidance for lower courts to follow).  Under former Texas Court of Criminal
Appeals precedent, an ambiguous or equivocal request for counsel required that
interrogation cease until the invocation issue was clarified.  Russell v.
State, 727 S.W.2d 573, 576 (Tex. Crim. App. 1987).  Any further questioning
was to be specifically aimed at discovering the accused=s true desire.  Id.
at 577.  








The Supreme Court of the United States subsequently
clarified what was required under the Federal Constitution, stating that if a
suspect makes reference to an attorney that only might be an invocation
of counsel, cessation of questioning is not required.  Davis v. United
States, 512 U.S. 452, 459 (1994).  Nor are officers required to question
the accused to decipher the ambiguous statement.  Id. at 461B62.  Following
this clarification by the Supreme Court, it was unclear whether Texas would
continue to require the extra protection laid out in Russell v. State. 
Eventually the Court of Criminal Appeals revisited the issue, adopting Davis
as the new standard for police conduct when an accused made an equivocal
assertion of rights.  See Dinkins v. State, 894 S.W.2d 330, 352 (Tex.
Crim. App. 1995); Dowthitt v. State, 931 S.W.2d 244, 257 (Tex. Crim.
App. 1996).  Additionally, the Court of Criminal Appeals provided guidance on
when a statement invoking the right to an attorney is equivocal, saying, ADavis requires, at a
minimum, that a suspect express a definite desire to speak to someone, and that
person be an attorney.@  Dinkins, 894 S.W.2d at 352.  

3.       Application


On the facts of the current case, there was no error in
denying the motion to suppress.  Both of the statements by appellantCAI can=t waive my rights@ and ADo you guys have
an appointed lawyer here@Camount to mere
equivocal assertions of his rights to an attorney.[2] 
First, the standard given by the Court of Criminal Appeals in Dinkins is
not satisfied by either statement.  Neither statement expresses a definite
desire to speak to someone, and only the latter statement mentions an
attorney.  See id.  Therefore, both statements fail the Court of
Criminal Appeals= objective standard.  Second, the
statements fall well short of the clarity that is required by our case law.   See,
e.g., Davis, 512 U.S. at 462 (holding that AMaybe I should
talk to a lawyer@ was not a request for counsel); Dinkins,
894 S.W.2d at 352 (holding that AMaybe I should
talk to someone@ was not request for counsel); Dowthitt,
931 S.W.2d at 257 (holding that AI can=t say more than
that. I need to rest@ was not invocation of right to remain
silent).  The two statements uttered by appellant are more ambiguous than the
statements made in these precedential cases, in which the court found no
invocation of rights.








Furthermore, this court has held that when the interview
has continued after an ambiguous request for counsel, the accused has not
unambiguously invoked his or her right to counsel.  See Gutierrez v. State,
150 S.W.3d 827, 832 (Tex. App.CHouston [14th Dist.] 2004, no pet.)
(holding that ambiguous request followed by unambiguous rejection of attorney=s presence is not
an invocation of rights);  Loredo v. State, 130 S.W.3d 275, 284B85 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d) (holding that ambiguous invocation of
right to counsel, followed by continuation of interview did not obligate
officer to stop interview).  Based on the foregoing standard and case law,
appellant did not identify a request for counsel clearly enough to invoke his
right to counsel.  Therefore, overruling the motion to suppress was not error. 
We overrule appellant=s first issue. 

II.       Failure
to Give the Reasonable Doubt Instruction on Extraneous Offenses Was Not
Reversible Error

In his second point of error, appellant argues that the
trial court committed reversible error by not giving, sua sponte, a
reasonable doubt instruction on extraneous offenses. We disagree. 

A.      The Trial
Court Erred

Evidence of an extraneous bad act may be considered by the
fact finder in assessing punishment only if it is shown beyond a reasonable
doubt to have been committed by the defendant.  Tex. Code Crim. Proc. art 37.07, ' 3(a)(1).  Thus,
in order to assure that the jury does not use extraneous offense evidence
unless it meets this standard, a jury instruction is logically required.  Huizar
v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).  The requirement that
the jury be satisfied of defendant=s culpability is Alaw applicable to
the case.@  Id.  Therefore, an objection or request by an
appellant is not necessary to preserve error; the court must give the
instruction sua sponte.  See id.  








In this case, the State introduced evidence of appellant=s drug possession
and past drug use during its case in chief.  The State then reintroduced all of
the evidence from guilt/innocence to be considered by the jury at the
punishment phase.  Appellant contends that the failure to give an instruction
regarding the extraneous offenses of possession and use of narcotics is
reversible error.  The State contends that a reasonable doubt instruction was
unnecessary because the possession of drug paraphernalia at appellant=s arrest
constitutes same-transaction contextual evidence, and is thereby only a
constituent part of the larger armed robbery offense. 

1.       Not
Same-Transaction Contextual Evidence

The State argues that no reasonable doubt instruction was
necessary because the extraneous offenses constituted same-transaction
contextual evidence of the armed robbery.   Same-transaction contextual
evidence Aimparts to the trier of fact information essential to
understanding the context and circumstances of events which, although legally
separate offenses, are blended or interwoven.@  Camacho v.
State, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993).  In other words, A[c]ircumstances of
the offense which tend to prove the allegations of the indictment are not
extraneous offenses.@  Id. (quoting Ramirez v. State,
815 S.W.2d 636, 643 (Tex. Crim. App. 1991).  By contrast, extraneous offense
evidence is generally offered to help the jury evaluate the defendant=s character for
sentencing purposes.  Garza v. State, 2 S.W.3d 331, 335 (Tex. App.CSan Antonio 1999,
pet. ref=d).  

There is no indication that the extraneous offenses were
interwoven or related in the least to the robbery.  Knowledge of appellant=s possession of
cocaine and drug paraphernalia at his arrest in no way proves the allegation of
aggravated robbery in the indictment.  Nor does it provide any meaningful
context to the crime.  The extraneous offenses were not same-transaction
contextual evidence.








The State also briefly argues that it generally should be
allowed to show the context of the arrest.  This, however, is too broad a
statement.  See Couret v. State, 792 S.W.2d 106, 107 (Tex. Crim. App.
1990).  The context of an arrest is admissible only to the extent that it shows
the context of the charged offense.  See id. at 108.  Even if evidence
pertains to the context of an arrest, it is still same-transaction contextual
evidence.  See id. at 107.  The drug offenses must be characterized as
extraneous offenses, and as such, required a reasonable doubt instruction.  The
court should have given an instruction sua sponte. Its failure to do so
was error. 

B.      The Harm
Was Not Egregious

Concluding that failure to give the instruction was error
does not end the analysis.  The error must be reversible in order to overturn
the trial court.  As appellant did not object at trial, we will not reverse
unless the error worked egregious harm.  See Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984); see also Ex parte Smith, 185
S.W.3d 455, 467 (Tex. Crim. App. 2006).  Harm is egregious when the defendant
has not had a Afair and impartial trial.@  Almanza,
686 S.W.2d at 171.  Errors which result in such harm are those which
affect the very basis of the case, deprive the defendant of a valuable right,
or vitally affect a defensive theory.  Id. at 172 (citing cases). 
Another standard for egregious harm is whether the case for conviction or
punishment was made clearly and significantly more persuasive by the error.  Saunders
v. State, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991).  In analyzing jury‑charge
error under Almanza, we review the entire trial record, from voir dire
through closing arguments at the punishment stage, to determine whether the
appellant suffered Aegregious harm@ from the
deficient jury charge.  Ex parte Smith, 185 S.W.3d at 468.

The error in this case is not egregious because it did not
make the case for conviction or punishment clearly and significantly more
persuasive.  The crime appellant was convicted ofCaggravated
robbery, during which he beat a man=s skull open with
a hammerCis so egregious
and so violent in and of itself, that the mere omission of a reasonable doubt
instruction pertaining to drug possession almost certainly played no part in
the jury=s assessment of
the maximum punishment. 








Additionally, the lack of the jury instruction did not
affect a valuable right or defensive theory, or the basis of the case. 
Appellant did not claim that he had no drugs.  In fact, appellant himself was
the first to bring the issue of drugs into play, in the cross-examination of
his girlfriend.  Similarly, appellant=s counsel failed
to object to any mention of drugs, or to adduce any evidence that appellant was
not a drug user.  Thus, it cannot be said that it was part of appellant=s defensive
strategy to cast doubt of any kind on the extraneous offense of drug
possession.  Based on the facts of the case and the record as a whole, it is
unlikely that appellant suffered any harm whatsoever, much less egregious harm.


Having found that the harm was not egregious, we overrule
appellant=s second issue. 

Conclusion

Having
overruled both of appellant=s issues, we affirm the judgment of the
trial court. 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed October 19, 2006.

Panel consists of Justices Fowler,
Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant=s
brief is unclear whether he is arguing involuntariness under the Fifth
Amendment as well.  Defense counsel made no argument to the court below
regarding involuntariness, whether under article 38.21 or under the Fifth
Amendment.  To the extent appellant=s
brief could be read as raising a Fifth Amendment involuntariness issue, we hold
that it is also waived. 





[2]  Appellant=s
brief refers to a statement by appellant concerning when he would be able to
consult a lawyer.  As stated above, the record in this case does not contain
any written motions, and in no way indicates that this statement, approximately
an hour into the video, was ever brought to the attention of the trial court. 
Therefore, we do not consider it on appeal.