Opinion issued April 12, 2007


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01133-CR






RUSSELL SHANTA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 1016276






MEMORANDUM OPINION


 Appellant, Russell Shanta, appeals from a jury conviction for sexual assault of
a child. After finding appellant guilty of the offense, the jury assessed his punishment 
at confinement for 10 years and recommended community supervision. The trial
court placed appellant on community supervision for 10 years and sentenced
appellant to serve 180 days in jail. In two points of error, appellant argues that the
trial court erred in excluding evidence in violation of the Texas Rules of Evidence
and under the Sixth and Fourteenth Amendments of the United States Constitution. 
 We affirm.

Background


 During trial in November 2005, the complainant testified to being sexually
assaulted in the first week of August 2004. While cross-examining the complainant,
appellant's counsel sought to admit the complainant's videotaped statement taken at
the Children's Assessment Center, which had been given approximately 16 days after
the sexual assault. The following discussion transpired:

 Defense: I wanted to play the video. I know normally they're
not allowed. Usually we object, but I want to play
the video while I have her on the stand.

 

 State: For what?


 Defense: To cross-examine her.


 State: With regard to what?

 

 Defense: The whole thing.

 

 State: What? That's improper impeachment, I object. And
it's hearsay, Your honor.

 

 Court: Well, that's not hearsay. Has she had a chance to
see it?

 

 Defense: I have no idea.

 

 State: What specifically? I mean, you've got to ask her
questions.


 The record reflects that the trial court made no ruling at this time and cross-examination continued. Later in the trial, the trial court discussed the videotaped
statement a second time:

 Court: Let's go on the record. Let the record reflect we had
a number of--a couple of off-the-record oral
discussions about the admissibility of the videotaped
statement. [Defense] has requested permission to
show the videotaped statement made by the
complainant at the Children's Assessment Center to
the jury. The State has lodged an objection and
asked for a motion in limine that the defense not be
allowed to offer the tape in front of the jury without
the Court determining its admissibility. 

 

 [Defense]--which the Court granted that motion.
[Defense] has complied with the motion in limine
and is requesting now permission to offer the tape
and show it to the jury. The State has made an
objection to the admissibility of the videotape as
being hearsay and not admissible for purposes of
showing any inconsistent statements. 


 It's my understanding, [Defense], you're not
offering the tape for the purpose of showing any
inconsistent statements, but you're just offering the
tape to--so the jury can get a better idea of what the
girl said?

 

 Defense: Yes. Their present sense impression of the child at
the time she made the statement there at the
Children's Assessment Center on August 19th,
2004.

 

 Court: All right.

 

 Defense: --within two and half weeks or so of the incident. 
Also, it's not to prove the truth of the matter
asserted, but merely get her demeanor, character, the
way she answers questions, but not to try to prove
up anything she's saying. Also, as to her state-of-mind. 

 

 Court: And both sides are in agreement that this videotape
is made some 16 to 18 days after the incident in this
case?

 

 State: That's correct, Your Honor.

 

 Defense: Approximately, Your Honor, yes.

 

 Court: All right. The Court is going to find that th[e] 16-year lapse in time prevents this from being a hearsay
exception, as being a present-sense impression of the
complainant.

 

 Defense: You meant 16 days, right?

 

 Court: What did I say?


 Defense: You said years.

 

 Court: Sixteen days. I misspoke. And I will sustain the
State's objection to it. 

 

 [Defense] does wish to offer a copy of the tape into
evidence as a--part of a bill of exceptions, which is
what this is, and he will be permitted to do so. But
he'll not be allowed to offer the tape in front of the
jury or show the tape to the jury at this point in time.

 

 Defense: Yes.

 

 Court: Certainly at any time that you think there's another
basis upon which it is admissible, you're absolutely
free to approach the bench and offer it again, but, at
this time, it's not admissible. 


Analysis


 Evidentiary Complaints

 In his first point of error, appellant argues that the trial court erroneously
excluded the videotaped statement pursuant to the Texas Rules of Evidence.

 The standard of review for a trial court's admission or exclusion of evidence
is abuse of discretion. Spradlin v. State, 100 S.W.3d 372, 381 (Tex. App.--Houston
[1st Dist.] 2002, no pet.). A trial court must be given wide latitude in its decision to
admit or exclude evidence. Theus v. State, 845 S.W.2d 874, 881 (Tex. Crim. App.
1992). As long as the trial court's evidentiary ruling was at least within the zone of
reasonable disagreement, an appellate court may not disturb it. Ellis v. State, 99
S.W.3d 783, 788 (Tex. App.--Houston [1st Dist.] 2003, pet. ref'd). There should be
"reluctance on the part of an appellate court to reverse trial court decisions which
admit or exclude evidence." Montgomery v. State, 810 S.W.2d 372, 378 (Tex. Crim.
App. 1990). The appellate court must uphold the trial court's ruling if it is reasonably
supported by the record and is correct under any theory of law applicable to the case. 
Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

 Appellant argues that the videotaped statement was not offered for the truth of
the matter asserted, but offered to show "her demeanor, character, the way she
answers questions." (1) See Martinez v. State, 22 S.W.3d 504, 508 (Tex. Crim. App.
2000) (statement not hearsay if not offered to prove truth of matter asserted.). Given
appellant's stated reason to admit the evidence, the trial court would have been within
its discretion to exclude the evidence because the videotape would have been
cumulative of the complainant's trial testimony that showed her demeanor, her
character, and the way she answers questions. See Tex. R. Evid. 403 ("Although
relevant, evidence may be excluded if its probative value is substantially outweighed
by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or
by consideration of undue delay, or needless presentation of cumulative evidence."). 
 Appellant also argues that, even if the videotape was hearsay, it should have
been admissible pursuant to the "present sense impression" exception. See Tex. R.
Evid. 803(1). Because we have already concluded that the trial court did not abuse
its discretion in excluding the evidence on non-hearsay grounds, it is not necessary
for us to analyze appellant's argument that the evidence fell within an exception to
the hearsay rule. See Tex. R. App. P. 47.1. 

 We overrule appellant's first point of error. (2)

 Constitutional Complaints

 In his second point of error, appellant argues that the trial court violated his
constitutional rights under the Sixth and Fourteenth Amendments of the United States
Constitution (3) by excluding the videotape which prevented appellant from presenting
a complete defense.

 Rule 33.1 of the Rules of Appellate Procedure requires that a party state "the
grounds for the ruling that the complaining party sought from the trial court with
sufficient specificity to make the trial court aware of the complaint, unless the
specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A). 
Appellant's point of error on appeal must comport with his objection at trial. See
Guevara v. State, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (holding that appellant
failed to preserve any error regarding victim-impact evidence's admission because
his objection at trial did not comport with complaint raised on appeal). Generally, a
party's failure to object timely and specifically at the trial-court level waives error. 
Tex. R. App. P. 33.1; Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). In
making objections, there are no technical considerations or form of words to be used;
straightforward communication in plain English will always suffice. Ex parte Little,
887 S.W.2d 62, 65 (Tex. Crim. App. 1994). An objection may be in phrased in any
manner that sufficiently apprises the trial court and opposing counsel of the nature of
the complaint. Id.

 Here, appellant did not raise objections regarding the Sixth and Fourteenth
Amendments to the United States Constitution that prevented him from presenting
a complete defense. Accordingly, we hold that appellant has waived these complaints
for appeal. See Tex. R. App. P. 33.1. 

 Even if these complaints had been preserved, we would conclude that the
exclusion of evidence did not violate appellant's constitutional rights. In Gilmore v.
Taylor, the United States Supreme Court stated that a defendant must have an
opportunity to put on a meaningful defense. 508 U.S. 333, 343, 113 S. Ct. 2112,
2118 (1993). The exclusion of evidence by a trial court can rise to the level of a
constitutional violation. Potier v. State, 68 S.W.3d 657, 659 (Tex. Crim. App. 2002). 
However, erroneous evidentiary rulings rarely rise to the level of denying the
fundamental constitutional right to present a meaningful defense. Id. at 663.

 Here, appellant argued that he wanted to show the jury the videotape to "get her
demeanor, character, the way she answers questions, but not to try to prove up
anything she's saying. Also, as to her state-of-mind." We fail to see how appellant
was precluded from presenting a complete defense because appellant's stated reasons
for admitting the videotape could also be shown by effective cross-examination of the
complainant. We conclude that appellant's constitutional rights were not violated by
the trial court's exclusion of the videotaped statement. See Harris v. State, 152
S.W.3d 786, 794 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd) (holding that
"[t]he substance of appellant's argument was presented to the jury, and the exclusion
of the videotapes did not prevent appellant from putting on a complete defense").

 We overrule appellant's second point of error.

Conclusion


 We affirm the judgment of the trial court.

 

 



 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. Had the videotape been offered to show the truth of the matters asserted, it would
have been hearsay. See Tex. R. App. P. 801(d) ("'Hearsay' is a statement, other than
one made by the declarant while testifying at the trial or hearing, offered in evidence
to prove the truth of the matter asserted."); Guiterrez v. State, 150 S.W.3d 827, 830
(Tex. App.--Houston [1st Dist.] 2004, no pet.) (stating that videotaped statement is
hearsay because it is an out-of-court assertion offered to prove the truth of the matter
asserted).
2. To the extent that appellant argues that the videotape was admissible to impeach the
complainant's credibility, this argument was not asserted at trial, and thus waived. 
See Tex. R. App. P. 33.1.
3. U.S. Const. amends. VI, XIV.