

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00107-CR
No. 07-23-00106-CR

**BRIAN JAMES LOPEZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 181st District Court
Potter County, Texas
Trial Court Nos. 081085-B-CR, 081086-B-CR, Honorable Dan Schaap, Sitting by Assignment

October 31, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Brian James Lopez, was convicted of aggravated sexual assault of a child[1] and online solicitation of a minor.[2] The sentences for both offenses were enhanced due to a prior final felony conviction.[3] Appellant was sentenced to incarceration for thirty-

---

[1] *See* TEX. PENAL CODE ANN. § 22.021.

[2] *See* TEX. PENAL CODE ANN. § 33.021(c), (f).

[3] *See* TEX. PENAL CODE ANN. § 12.42.

two years for the aggravated sexual assault charge and fifteen years for the online solicitation of a minor charge. Appellant presents two appellate issues. We overrule his issues and affirm the judgments of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant's issues challenge the trial court's denial of his pre-trial motion to suppress his judicial confession and the trial court's denial of access to certain evidence that Appellant contends could be exculpatory. We will thoroughly discuss the facts relevant to these issues in our analysis of each and will provide a brief summary of the facts here for context.

Twenty-six-year-old Appellant was discovered having sex with a thirteen-year-old girl, M.R., by the child's father. The father tracked M.R. through her cell phone. About a week later, M.R.'s mother notified the Amarillo Police Department about the assault. The police identified Appellant as the suspect. The police set up a sting operation in which an officer, using M.R.'s phone, posed as her and communicated with Appellant. Appellant and the purported child agreed to meet to have sex. When Appellant arrived at the meeting spot, he was arrested.

Appellant gave a statement to the police in which he admitted having sex with M.R. even though he knew that she was only thirteen years old. He was indicted for the offenses of sexual assault of a child and online solicitation of a minor. Prior to trial, Appellant filed a motion to suppress his statement contending that he had requested an attorney prior to giving the statement. The trial court concluded that Appellant's request to call his attorney was not an unequivocal request to have an attorney present during

2

questioning and denied his motion. Subsequently, Appellant requested access to juvenile court records pertaining to the child victim to see if those records contained any exculpatory evidence. The trial court referred this request to the county court at law, which denied Appellant's request. Appellant pleaded guilty to the charged offenses but preserved his right to appeal the trial court's denial of his motion to suppress. After holding a punishment hearing, the trial court sentenced Appellant to incarceration for thirty-two years for the aggravated sexual assault charge and fifteen years for the online solicitation of a minor charge. Appellant timely filed the instant appeal.

By his appeal, Appellant presents two issues. By his first issue, Appellant contends that the trial court erred in denying his motion to suppress his judicial confession. By his second issue, Appellant contends that his statutory and constitutional rights were violated when his request to discover exculpatory evidence was denied.

### MOTION TO SUPPRESS

Appellant's first issue contends that the trial court erred in denying his motion to suppress his judicial confession that was obtained through custodial interrogation. We conclude that Appellant did not establish that his request for an attorney was clear and unequivocal.

The Fifth Amendment to the United States Constitution affords suspects the right to have an attorney present during police interrogation and applies to any offense about which the police might wish to question a suspect. *State v. Gobert*, 275 S.W.3d 888, 892 (Tex. Crim. App. 2009). Police must advise a suspect who is in custody that he has the right to have counsel present during any police-initiated interrogation. *Id.* Once the

3

suspect invokes his right to counsel, police interrogation must cease until counsel has been provided or the suspect himself reinitiates a dialogue. *Id.* A suspect invokes his right to counsel when he clearly and unambiguously requests the presence of an attorney during questioning. *Lucas v. State*, 791 S.W.2d 35, 45–46 (Tex. Crim. App. 1989). "Whether a statement referring to a lawyer constitutes a clear request for counsel depends on the statement itself and the totality of the circumstances surrounding the statement." *Davis v. State*, 313 S.W.3d 317, 339 (Tex. Crim. App. 2010). "[C]onditional statements in which a suspect indicates that he 'might' want an attorney, as well as generalized questions asked by a suspect seeking to clarify his rights, are typically not considered an unambiguous expression invoking the right to counsel." *Jones v. State*, No. 05-18-00640-CR, 2020 Tex. App. LEXIS 6072, at *12–13 (Tex. App.—Dallas July 31, 2020, pet. ref'd) (mem. op, not designated for publication).

As part of its investigation into the sexual assault of M.R., the Amarillo Police Department conducted an in-custody interrogation of Appellant. At the beginning of the interview, Detective Luke Nelson read Appellant his rights and had him sign an acknowledgment that he received the warnings and understood them. As part of these warnings, Nelson informed Appellant that he had the right to a lawyer and to have a lawyer present during questioning. At the time that Nelson informed Appellant of this right, Appellant stated, "I do got a lawyer. Can I call him?" Nelson indicated that he needed to finish reading the warnings and then Appellant could make a decision. While reading the warnings, Nelson repeatedly asked Appellant if the warnings made sense and Appellant responded that they did. After he finished reading the warnings, Nelson asked Appellant if he wanted to communicate with Nelson. Appellant said, "Yeah." Soon afterward,

4

Nelson explained to Appellant that he was deciding whether he wanted to answer some of Nelson's questions without his attorney. In response, Appellant stated, "Yeah, it's cool." In describing the written warnings that he asked Appellant to sign, Nelson explained, "That's just saying you're cool with talking to me without a lawyer. Is that correct?" Again, Appellant answered, "Yes." Immediately after this, Nelson reminded Appellant that he could change his mind about speaking with Nelson at any time. Following this exchange, Appellant confessed, both orally and in writing.

Prior to trial, Appellant filed a motion to suppress his confession on the basis that he requested an attorney prior to Nelson's interrogation that led to his confession. After holding a hearing, the trial court denied Appellant's motion concluding that Appellant's question asking whether he could call his attorney was not an unequivocal request for an attorney. Texas case law has established that a question such as Appellant's is not an unequivocal assertion of the right to counsel. *See Martinez v. State*, No. 07-11-00473-CR, 2012 Tex. App. LEXIS 8994, at *12 (Tex. App.—Amarillo Oct. 30, 2012, pet. ref'd) (mem. op., not designated for publication) (suspect asking, "Can I get a lawyer in here?" not a clear and unambiguous request for an attorney); *Mbugua v. State*, 312 S.W.3d 657, 665 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (suspect asking, "Can I wait until my lawyer gets here[?]" did not clearly state a firm, unambiguous, and unqualified request for counsel); *Gutierrez v. State*, 150 S.W.3d 827, 832 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (op. on remand) (suspect asking, "Can I have [a lawyer] present now?" was ambiguous and did not clearly invoke suspect's right to counsel); *Flores v. State*, 30 S.W.3d 29, 33–34 (Tex. App.—San Antonio 2000, pet. ref'd) (suspect asking, "Will you

allow me to speak to my attorney before?" not a clear and unambiguous invocation of right to counsel).[4]

Appellant contends that his question was an unequivocal assertion of his right to have counsel present during questioning. However, Appellant does not cite any case law to support his assertion that his question constituted an unequivocal assertion of his right to counsel. Further, Appellant does not attempt to distinguish any of the cases cited above that conclude that the sort of question asked by Appellant is not a clear and unequivocal request. Additionally, Appellant does not identify how, under the totality of the circumstances, his question, "Can I call him?" constituted a clear and unambiguous assertion of the right to counsel. Because Appellant has failed to establish that the trial court abused its discretion in denying his motion to suppress, we overrule Appellant's first issue.

### ACCESS TO JUVENILE RECORDS

Appellant's second issue contends that the trial court violated his statutory and constitutional rights to discovery of exculpatory and mitigating evidence by denying his motion to discover juvenile records relating to M.R.

During the investigation of this case, the prosecutor received an email containing an incident report referencing a third-party juvenile offender, which identified M.R. as the victim. The State made the report available to Appellant in discovery. However, the

---

[4] *But see State v. Soto*, Nos. 04-19-00427-CR, 04-19-00428-CR, 04-19-00429-CR, 2020 Tex. App. LEXIS 8458, at *15 (Tex. App.—San Antonio Oct. 28, 2020, pet. ref'd) (mem. op., not designated for publication) (upholding trial court's determination that suspect's question, "Can I call my lawyer, sir[?]" was, under the totality of the circumstances, an unambiguous and unequivocal request for counsel).

prosecutor subsequently withdrew the document from the discovery portal out of concern that the information should not have been released. Appellant filed a motion for discovery of the juvenile records related to the incident report. The trial court accepted Appellant's pleas of guilty to each charged offense without expressly addressing the motion relating to the juvenile records. The next day, apparently at the request of the trial court, the parties convened before the county court at law where they presented argument regarding Appellant's entitlement to the juvenile records. At the end of this brief hearing, the judge of the county court denied the motion. At the beginning of the punishment hearing that commenced the following day, the trial court acknowledged that there was to be an order entered by the county court at law and stated that this order would be made part of the record. The county court at law entered an order denying the motion and this order was filed in the clerk's record of the district court proceedings but was not adopted or signed by the district court.

In general, a party must make a timely, specific request, objection, or motion in the trial court and obtain an adverse ruling to preserve a complaint for appellate review. TEX. R. APP. P. 33.1; *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). A review of the record reflects that Appellant never raised any objection before the trial court regarding its referral of the discovery dispute to the county court at law for resolution. Likewise, after the county court at law denied Appellant's motion, he did not ask the trial court to rule on his motion or adopt the county court at law's ruling. Because Appellant never obtained a ruling by the trial court on his motion, Appellant's issue has not been preserved for appellate review. TEX. R. APP. P. 33.1; *Lovill*, 319 S.W.3d at 691–92.

However, even if Appellant had preserved his claim of error, we would still overrule his issue because he has failed to show that the State owed a duty to disclose the contents of the juvenile record.

The State has a duty to disclose to the defendant "any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." TEX. CRIM. PROC. CODE ANN. art. 39.14(h); *see* *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). "Under *Brady*, the materiality of undisclosed information is not sufficiently proven by showing a mere possibility that undisclosed information might have helped in the defense or that the undisclosed information might have affected the outcome of the trial." *Kelly v. State*, 413 S.W.3d 164, 176 (Tex. App.—Beaumont 2013, no pet.) (citing *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002)).

In the present case, nothing in the record shows the contents of the juvenile record sought by Appellant. As such, nothing in the record shows that this juvenile record contains evidence which "tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." TEX. CRIM. PROC. CODE ANN. art. 39.14(h). In fact, the record reflects that neither the district court, State, or Appellant had any knowledge of what evidence was contained in the juvenile record. Rather, Appellant speculates that the juvenile record might possibly contain evidence that could have been

8

helpful to the defense.  Such mere speculation that the juvenile record might contain evidence exculpatory to Appellant is not sufficient to trigger the State's duty to disclose the contents of the juvenile record under either *Brady* or article 39.14(h).

Concluding that Appellant failed to preserve his claim of error regarding his motion for access to juvenile records and failed to show that the State owed a duty to disclose this evidence, we overrule Appellant's second issue.

## CONCLUSION

Having overruled both of Appellant's issues, we affirm the judgments of the trial court.

Judy C. Parker
Justice

Do not publish.